# United States Court of Appeals for the Federal Circuit

---

**CHASE M. LENTZ,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-1285

---

Petition for review of the Merit Systems Protection Board in No. SF-4324-15-0364-I-1.

---

Decided: December 12, 2017

---

CHASE M. LENTZ, Fresno, CA, pro se.

CALVIN M. MORROW, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK, KATHERINE M. SMITH.

---

Before NEWMAN, DYK, and HUGHES, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Chase M. Lentz appeals the decision of the Merit Systems Protection Board (MSPB or "Board"), holding that

his resignation from federal employment was a voluntary act and not a constructive discharge. We vacate the Board's decision, as based on incorrect evidentiary procedures including the inappropriate application of collateral estoppel. We remand to the MSPB for redetermination of the issue of constructive discharge.

BACKGROUND

Mr. Lentz entered federal service in 2002, and at the times here relevant was employed as a botanist with the Bureau of Land Management of the Department of the Interior (the "Agency") in California. Mr. Lentz had no disciplinary record until May 15, 2014, when his supervisor issued a letter of reprimand for "acting outside the scope of his authority" and "conduct unbecoming." MSPB Appx 34. These charges were based on his authorization to permit goat grazing on certain public lands, without the prior approval of his supervisors. *Id.* On November 13, 2014 Mr. Lentz's supervisor issued a letter proposing a fourteen-day suspension for various infractions, citing his management of interns, his behavior toward his supervisors, and his interaction with outside entities. *Id.* at 34–35. Soon after receiving this letter, Mr. Lentz went on medical leave. The proposed fourteen-day suspension was sustained on February 10, 2015, during his medical leave, to commence on February 15, 2015.

Mr. Lentz resigned on February 13, 2015. His letter of resignation cites harassment and a hostile work environment that aggravated an illness and his veterans disability, and made his work circumstances intolerable. He states, "I had been pushed to the limits of what I could endure and had to take significant amounts of sick leave as a result." Initial Appeal File (IAF), Tab 9 at 29. He states that until the most recent two years (and new supervisors) his performance had consistently been rated "superior." He states that he has filed complaints for discrimination and harassment by his supervisors, includ-

ing complaints for violation of the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. §§ 4301–4335, and that the letters of reprimand are retaliatory.

On February 25, 2015, Mr. Lentz filed an appeal with the MSPB, asserting constructive discharge. He stated that the May 2014 letter of reprimand and the November 2014 letter and fourteen-day suspension were retaliatory and discriminatory, leading to his constructive discharge. IAF, Tab 1. He stated that his ensuing illness and medical leave should be viewed as a constructive suspension, and that "the agency coerced my resignation by bringing unjustifiable charges and creating unreasonably difficult working conditions." IAF, Tab 1 at 5. He also alleged discrimination on the basis of his status as a disabled veteran, and retaliation for having previously filed a complaint for violation of USERRA. In separate appeals to the MSPB, not here at issue, he alleged that the Agency actions were in retaliation for protected whistleblower activity.

The MSPB's Administrative Judge (AJ), at the Western Regional Office, bifurcated the February 25, 2015 appeal into two separate cases. The first case (*Lentz I*)[1] designated the appeal as a claim for involuntary resignation under 5 U.S.C. Chapter 75. The second case (*Lentz II*)[2] designated the appeal as a complaint under USERRA. The AJ dismissed *Lentz I* for lack of jurisdiction, and the AJ subsequently held that Mr. Lentz was collaterally estopped from raising in *Lentz II* the evidence and issues

---

[1]    *Lentz v. Dep't of Interior*, No. SF-0752-15-0363-I-1, 2016 WL 106602 (M.S.P.B. Jan. 11, 2016) (*Lentz I*). This decision was not appealed to the Federal Circuit.

[2]    *Lentz v. Dep't of Interior*, No. SF-4324-15-0364-I-1, 2016 WL 6069072 (M.S.P.B. Oct. 14, 2016) (*Lentz II*).

that the AJ had assigned to *Lentz I*. Mr. Lentz states that by separating the several factual aspects and concerns that contributed to his involuntary resignation, their combined weight was never considered, distorting the MSPB's review.

## The *Lentz I* proceeding

The first proceeding was designated by the AJ as a dismissal action under Chapter 75, and was limited by the AJ to the issue of constructive discharge based on Mr. Lentz's assertions that the Agency "brought unjustifiable charges in support of its reprimand and 14-day suspension," "committed prohibited personnel practices by using his protected disclosures of information as a basis for discipline," and "misrepresented, exaggerated and omitted evidence." MSPB Appx 39–40.

The Agency moved to dismiss the *Lentz I* proceeding for "lack of jurisdiction." The AJ granted the motion without the requested hearing, stating that "[Mr. Lentz] has failed to nonfrivolously allege he was subjected to a discriminatory/retaliatory hostile work environment so coercive in nature that he had no choice but to resign." MSPB Appx 51. The full Board affirmed this decision, and Mr. Lentz did not appeal to this court.

## *The Lentz II proceeding*

The AJ commenced this proceeding shortly after the full Board decided *Lentz I*, stating that it was "limited to claims that an employer discriminated in employment or took an adverse employment action because of protected USERRA activity." *Lentz II* at ¶12. The Agency again moved to dismiss for lack of jurisdiction, and the AJ again granted the motion, stating that "the appellant has failed to make non-frivolous allegations that a reasonable person in his position would have felt compelled to resign due to USERRA-based discrimination or reprisal." MSPB Appx 7.

The AJ stated that collateral estoppel arose from *Lentz I*, stating that "[t]o the extent the appellant is seeking to relitigate the overall issue of whether his resignation was involuntary, I find that he is collaterally estopped from doing so." *Id.* at 6. The AJ stated that "[t]o the extent that the appellant is seeking to relitigate the issue of whether the agency violated USERRA by denying his request for accommodation, I find that he is collaterally estopped from relitigating this matter as well." *Id.* at 6 n.5. The AJ concluded that "the appellant has failed to nonfrivolously allege that he was subjected to a USERRA discriminatory/retaliatory hostile work environment so coercive in nature that he had no choice but to resign," and dismissed the appeal. *Id.* at 8.

Mr. Lentz appealed to the full Board. The Board referred to the AJ's refusal to consider whether the resignation was involuntary, because it would relitigate *Lentz I*, as "[c]onfusing[]." *Lentz II* at ¶7. The Board observed that the AJ separated the issues into *Lentz I* and *Lentz II* "[f]or reasons that are unclear;" but the Board did not discuss whether this separation was proper, or how it might have affected the dismissal for "lack of jurisdiction." *Id.* at ¶5.

The full Board upheld the AJ's application of collateral estoppel, stating that "the identical issue of whether the appellant's resignation was voluntary previously was litigated in *Lentz I*," and that the requirements of collateral estoppel had been met. *Lentz II* at ¶13. The Board then limited its review in *Lentz II* to the USERRA issues, stating that "jurisdiction under 38 U.S.C. § 4311(b) is limited to claims that an employer discriminated in employment or took an adverse employment action because of protected USERRA activity." *Lentz II* at ¶12.

The full Board affirmed the AJ's dismissal for lack of jurisdiction of Mr. Lentz's claim of constructive discharge. This appeal followed.

DISCUSSION

This court is assigned jurisdiction under 5 U.S.C. § 7703 to review final decisions of the Board. The standard is whether a decision of the Board is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

The Board's jurisdictional determinations receive plenary review. *McCormick v. Dep't of the Air Force*, 307 F.3d 1339, 1340 (Fed. Cir. 2002). When the Board has made factual findings affecting the jurisdictional inquiry, these findings are reviewed for support by substantial evidence in the record. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008). The substantial evidence standard requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938).

When determining whether a resignation was involuntary, the MSPB examines "the surrounding circumstances to test the ability of the employee to exercise free choice." *Perlman v. United States*, 490 F.2d 928, 933 (Ct. Cl. 1974). *See also Scharf v. Dep't of the Air Force*, 710 F.2d 1572, 1574 (Fed. Cir. 1983) ("[I]t has been held that the element of voluntariness is vitiated when . . . an employee resigns under duress brought on by government action." (citing *McGucken v. United States*, 407 F.2d 1349, 1351 (Ct. Cl. 1969))). Mr. Lentz states that the Board did not reach this stage, based in part on the separation of his case into two distinct proceedings, and placing some evidence in one proceeding and some evidence in the other proceeding. He states that the combined weight of the evidence of coerced resignation was thereby diluted, and that the fragmentation of the factors "compromised my

ability to present an integrated and coherent claim." Lentz Br. 2 (citing *Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012) ("Evidence only . . . supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record. . . .")).

Mr. Lentz stresses that the Board's dismissal of *Lentz II* for lack of jurisdiction was done on the Agency's motion, before he had a chance to develop a full record. He states that he provided thirty-six pieces of evidence, none of which was directly addressed.[3] He states that the AJ declined to consider any of the information that had been segregated into *Lentz I*, the AJ stating that "the appellant's general claim that he was constructively discharged was fully litigated in *Lentz [I]*." MSPB Appx 6. The AJ ruled that Mr. Lentz "had a full and fair opportunity to litigate his constructive discharge claim in his prior appeal." *Id.* Mr. Lentz points out that the issue was not litigated at all, but was dismissed for lack of jurisdiction.

The full Board confirmed the application of collateral estoppel, stating that "the identical issue of whether the appellant's resignation was voluntary previously was litigated in *Lentz I*," and that "the appellant was a party, and he had a full and fair opportunity to litigate his claims." *Lentz II* at ¶13. The full Board noted, "[I]t is unclear to what extent the appellant's constructive suspension claim rests on the allegedly improper denial of reasonable accommodation." *Lentz II* at 5 n.3. However, Mr. Lentz's petition for Board review clearly stated that consideration of the denial of reasonable accommodation

---

[3]    The AJ reported that Mr. Lentz did not request a hearing in *Lentz II*. IAF, Tab 12 at 2 (citing IAF, Tab 9 at 5 ("I do not request a hearing, but I am entitled to and request the opportunity to further develop the written record on my USERRA claim")).

"is essential in the determination of whether or not I was subject to a constructive suspension." Petition for Review File, Tab 1, at 9.

The MSPB now concedes that it erred in the application of collateral estoppel, stating that "the respondent has determined that the Board's modification of the administrative judge's decision by substituting collateral estoppel as the basis for finding lack of jurisdiction with respect to whether the petitioner nonfrivolously alleged a USERRA-related involuntary removal was in error," and referring to the Board's legal reasoning as "clear legal error." MSPB Br. 12, 16. However, neither the MSPB nor the Agency has acted to remedy this admitted error, according to the record before us, the MSPB stating that the judgment is correct despite the acknowledgment of improper procedure. *See Lawrence v. Chater*, 516 U.S. 163, 172 (1996) ("If it appears reasonably probable that a confession of error reveals a genuine and potentially determinative error by the court below, [an order to vacate and remand] may be appropriate.").

The Board must set aside a decision where the appellant "shows harmful error in the application of the agency's procedures in arriving at such decision," or where it is shown "that the decision was not in accordance with law." 5 U.S.C. § 7701(c)(2); *see also* 5 C.F.R. § 1201.56(c). Harmful error occurs where "[e]rror by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error." 5 C.F.R. § 1201.4(r). The court must set aside agency findings that are "obtained without procedures required by law, rule, or regulation having been followed." 5 U.S.C. § 7703(c)(2).

The Board recognized that the separation of Mr. Lentz's claim into multiple cases was confusing and

unclear, but did not determine whether the separation resulted in harmful error.  The Court has stated:

> The Administrative Procedure Act, which governs the proceedings of administrative agencies and related judicial review, establishes a scheme of reasoned decisionmaking.  Not only must an agency's decreed result be within the scope of its lawful authority, but the process by which it reaches that result must be logical and rational.

*Allentown Mack Sales and Serv., Inc. v. NLRB.*, 522 U.S. 359, 374 (1998) (internal citation and quotation marks omitted); *see also In re Sang Su Lee*, 277 F.3d 1338, 1342 (Fed. Cir. 2002) ("For judicial review to be meaningfully achieved within these strictures, the agency tribunal must present a full and reasoned explanation of its decision.").  The record provided by the parties does not explain why the Board divided Mr. Lentz's appeal into separate cases and limited the evidence presented in each case.

Mr. Lentz asserts procedural and legal error, and contends that it prejudiced the result. *See* Petition for Review File, Tab 1 at 14 ("[T]he application of collateral estoppel to my appeal is in error.").  The MSPB states that even if it erred and collateral estoppel does not apply, this court should "affirm the MSPB's decision dismissing the petitioner's appeal for lack of jurisdiction on the basis of the MSPB administrative judge's finding that the petitioner failed to make nonfrivolous allegations of an involuntary resignation caused by violations of USERRA."  MSPB Br. 16.  The MSPB does not criticize the AJ's "unclear" separation of the appeal and evidence into two separate cases, decided separately as *Lentz I* and *Lentz II*.  Instead, the MSPB proposes that our review is limited to USERRA issues, ignoring the assertions of discrimination, hostile environment, and retaliation that had been segregated into *Lentz I* and removed from consideration in *Lentz II*.

Because the issue improperly separated into *Lentz I*—that Mr. Lentz failed to make nonfrivolous allegations of involuntary resignation based on alleged coercive agency actions other than violations of USERRA—is not the same issue that is presented in *Lentz II*, it has no preclusive effect here. As a result of the bifurcation, neither the Board's decision in *Lentz I* nor in *Lentz II* addressed the proper question of whether the totality of the evidence, including both the evidence of alleged USSERA violations and the evidence of other coercive agency actions, rendered Mr. Lentz's resignation involuntary. Therefore, collateral estoppel cannot apply to the constructive discharge claim. Likewise, the propriety of the bifurcation was not litigated in the first Board proceeding and is not collaterally estopped here.

We hold that the MSPB committed two errors. First, the MSPB erred by improperly bifurcating the two proceedings. Second, it erred by failing to consider the totality of the evidence in determining the question of voluntariness in *Lentz II*.

The cause of action in the *Lentz II* appeal is constructive discharge, not the USERRA violation alone. All of the evidence relevant to constructive discharge must be considered, not simply Mr. Lentz's allegations of USERRA-violating retaliation, as the MSPB argues. MSPB Br. 16. The appropriate standard is whether the totality of events, on all of the evidence, produced a working environment sufficiently hostile as to lead to involuntary resignation. *See Kline v. Dep't of Transp., FAA*, 808 F.2d 43, 46 (Fed. Cir. 1986) (vacating and remanding to the Board where "the record does not demonstrate that the presiding official identified, balanced and then considered" the relevant evidence); *DeLaughter v. U.S. Postal Serv.*, 3 F.3d 1522, 1524 (Fed. Cir. 1993) (remanding to the Board where "it is abundantly clear that the Postal Service failed to follow the appellate review procedure"

before the Board), *abrogated on other grounds by Guillebeau v. Dep't of Navy*, 362 F.3d 1329 (Fed. Cir. 2004).

The Board's decision must be vacated and the case remanded to address these questions. In ordering a remand we do not decide the question of whether Mr. Lentz's allegations are non-frivolous based on the totality of the evidence.

## CONCLUSION

The procedures followed by the MSPB did not permit full and fair consideration of all of the circumstances that Mr. Lentz states combined to produce constructive discharge. The Board's dismissal is vacated, and the case is remanded for determination of the merits of Mr. Lentz's appeal, on consideration of all of the circumstances.

## VACATED AND REMANDED

Costs to Mr. Lentz.