# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHASE M. LENTZ,

     Appellant,

    v.

DEPARTMENT OF THE INTERIOR,

    Agency.

DOCKET NUMBERS
SF-0752-15-0363-R-1
SF-4324-15-0364-M-1
SF-4324-16-0198-I-1
SF-4324-17-0229-I-1

DATE: June 30, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Chase M. Lentz, Fresno, California, pro se.

Christine Foley and Kevin D. Mack, Esquire, Sacramento, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of these appeals.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**REMAND ORDER**

¶1        The appellant has petitioned for review of the initial decisions in *Lentz v. Department of the Interior*, MSPB Docket Nos. SF-4324-16-0198-I-1 (0198 Appeal) and SF-4324-17-0229-I-1 (0229 Appeal), which denied corrective action in his Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeals.  In addition, the appellant has pending before the Board his USERRA appeal in *Lentz v. Department of the Interior*, MSPB Docket No. SF-4324-15-0364-M-1 (0364 Appeal), in which the U.S. Court of Appeals for the Federal Circuit vacated the Board's holding that his resignation was voluntary and remanded for a redetermination on that issue.  *See Lentz v. Merit Systems Protection Board*, 876 F.3d 1380, 1381 (Fed. Cir. 2017).  The court found that the Board erred when it bifurcated a single appeal filed by the appellant into a separate appeal filed under 5 U.S.C. chapter 75, *Lentz v. Department of the Interior*, MSPB Docket No. SF-0752-15-0363-I-1, Final Order (Jan. 11, 2016) (0363 Appeal), and the 0364 USERRA appeal, and thereby failed to consider the totality of the evidence in determining the voluntariness question.  *Id.* at 1386.  The court has asked the Board to address whether the totality of events, on all of the evidence, produced a working environment sufficiently hostile as to lead to an involuntary resignation.  *Id.*

¶2        For the following reasons, we VACATE the initial decisions in the 0198 and 0229 Appeals, REOPEN and VACATE the initial decision in the 0363 Appeal, and JOIN all of these cases with the vacated and remanded 0364 Appeal.  We further FIND that the appellant has made nonfrivolous allegations that entitle him to a hearing, and REMAND these cases for further adjudication.  We also order the Board's Western Regional Office to JOIN these cases with the appellant's separate IRA appeal that is before that office, MSPB

Docket No. SF-1221-21-0497-W-3,[2] because doing so would expedite their processing and not adversely affect the interests of the parties. *See* [5 U.S.C. § 7701](f)(2); [5 C.F.R. § 1201.36](b).

## BACKGROUND

¶3      The appellant, a Botanist with the agency's Bureau of Land Management, filed separate USERRA appeals on December 29, 2014, alleging that his military service and protected activity were substantial or motivating factors in the issuance of a fully successful performance appraisal for fiscal year 2014 and the denial of a reasonable accommodation request. *Lentz v. Department of the Interior*, MSPB Docket No. SF-4324-15-0215-I-1, Initial Decision at 1-2 (Apr. 27, 2015) (0215 ID); MSPB Docket No. SF-4324-15-0225-I-1, Final Order, ¶ 2 (Sept. 21, 2015) (0225 Final Order). The administrative judge and the Board denied corrective action in those cases upon finding that the appellant did not prove that his military service or his filing of a prior USERRA complaint was a substantial or motivating factor in those actions, and that the agency proved that it would have taken the same actions for a valid reason and in the absence of the

---

[2] This separate IRA appeal before the Board's Western Regional Office was originally docketed as MSPB Docket No. SF-1221-16-0681-W-1. The appeal was refiled and dismissed without prejudice multiple times. *See* MSPB Docket Nos. SF-1221-16-0681-W-1 through SF-1221-16-0681-W-9. When the appeal was refiled a ninth time, due to technical limitations of the Board's software, it was assigned a new docket number, MSPB Docket No. SF-1221-21-0497-W-1, and was again dismissed without prejudice and then refiled. On March 8, 2022, the Board's Western Regional Office issued an initial decision in MSPB Docket No. SF-1221-21-0497-W-2, dismissing the appeal without prejudice to be automatically refiled within 15 calendar days of the first of the following to occur: (1) the date of issuance of a Board opinion in SF-1221-15-0688-W-1; or (2) September 5, 2022. *See* MSPB Docket No. SF-1221-21-0497-W-2, Initial Decision (Mar. 8, 2022). As set forth in the Board's separately issued decision in MSPB Docket No. SF-1221-15-0688-W-1, the Board's Western Regional Office shall refile the appeal as MSPB Docket No. SF-1221-21-0497-W-3. Further, in accordance with this Remand Order, the Western Regional Office shall join MSPB Docket No. SF-1221-21-0497-W-3 with these cases.

protected activity. 0215 ID at 5-10; 0225 Final Order, ¶¶ 3-4, 6. Those appeals became final on June 1, 2015, and September 21, 2015, respectively.

¶4 On February 25, 2015, the appellant filed an appeal alleging that his February 13, 2015 resignation was involuntary, and that the agency therefore constructively discharged him based on continual harassment, discrimination, and reprisal. 0363 Appeal, Initial Appeal File (0363 IAF), Tabs 1, 11, Initial Decision (0363 ID) at 4-5. The administrative judge dismissed the appeal for lack of jurisdiction in a July 10, 2015 initial decision, finding that the appellant did not make a nonfrivolous allegation that the agency coerced his resignation by reprimanding him, sustaining a proposed 14-day suspension, and failing to select him for various positions; an employee is not guaranteed a stress-free environment; many months had elapsed between the reprimand and the resignation; the appellant did not explain why he could not have continued his employment while he pursued relief from those actions; a list of expectations did not constitute an improper act or create intolerable working conditions; and his claims of a failure to reasonably accommodate him were conclusory and vague. 0363 ID at 1, 7-15, 18-19. The Board denied the appellant's petition for review. *Lentz v. Department of the Interior*, MSPB Docket No. SF-0752-15-0363-I-1, Final Order (Jan. 11, 2016).

¶5 Based on the same appeal form filed in the 0363 Appeal, the administrative judge docketed a separate USERRA appeal based on the appellant's allegation that the agency violated USERRA when it constructively discharged him by means of his February 13, 2015 involuntary resignation. 0364 Appeal, Initial Appeal File, Tabs 1, 12, Initial Decision (0364 ID) at 1, 4. The administrative judge dismissed that appeal for lack of jurisdiction in a January 19, 2016 initial decision, finding that the appellant was collaterally estopped from relitigating the issue of whether his resignation was involuntary given the Final Order in the 0363 Appeal. 0364 ID at 2, 6. The administrative judge further found that the appellant failed to make nonfrivolous allegations that a reasonable person in his

position would have felt compelled to resign due to USERRA-based discrimination or reprisal. 0364 ID at 7-8. On petition for review of that initial decision, the Board noted that, for reasons that were unclear, the regional office docketed the appellant's February 25, 2015 pleading as two separate appeals of the involuntary resignation: one under 5 U.S.C. chapter 75, and one under USERRA. *Lentz v. Department of the Interior*, MSPB Docket No. SF-0752-15-0364-I-1, Final Order, ¶¶ 1, 5 (Oct. 14, 2016). Nevertheless, the Board agreed with the administrative judge's application of collateral estoppel and dismissal of the appeal of the alleged involuntary resignation, but forwarded the appellant's USERRA claims concerning his letter of reprimand (LOR), 14-day suspension, and alleged constructive suspension to the regional office for docketing as a new appeal. *Id.*, ¶¶ 1, 13-15. As set forth above, the court vacated that decision on December 12, 2017, finding that the Board erred in separating the chapter 75 and USERRA appeals, and remanded for a redetermination regarding whether the totality of the events produced a working environment sufficiently hostile as to lead to an involuntary resignation. *See Lentz*, 876 F.3d at 1381.

¶6      While the above appeals were pending, the appellant filed additional appeals on July 12, 2015, January 4, 2016, and August 7, 2016, (1) challenging in an IRA appeal the LOR, decision to suspend for 14 days, and harassment leading to his alleged involuntary resignation, *Lentz v. Department of the Interior*, MSPB Docket No. SF-1221-15-0688-W-1 (0688 Appeal); (2) alleging that the agency violated USERRA when it failed to select him for several vacancies and a detail (0198 Appeal); and (3) alleging that the agency violated USERRA when his prior managers provided him with negative employment references to prospective employers after he resigned, *see Lentz v. Department of the Interior*, MSPB Docket No. SF-4324-16-0680-I-1 (0680 Appeal).[3]  The administrative judge

---

[3] We have not joined the 0688 Appeal and the 0680 Appeal with these appeals, but instead adjudicate those cases separately. As discussed in the separately issued Board decision in the 0688 Appeal, the resolution of that case, an IRA appeal, turns on

either applied the doctrine of collateral estoppel, dismissed the appeals for lack of jurisdiction, and/or denied corrective action in the appeals. The appellant has filed petitions for review of those initial decisions.

¶7     On August 7, 2016, the appellant filed a second IRA appeal in *Lentz v. Department of the Interior*, MSPB Docket No. SF-1221-16-0681-W-1. The administrative judge dismissed that appeal without prejudice to refiling multiple times, finding that the disclosures and personnel actions largely overlapped with those raised in the 0688 Appeal, which was then pending before the full Board. *Lentz v. Department of the Interior*, MSPB Docket No. SF-1221-21-0497-W-2 (0497 Appeal), Initial Decision at 1-3 (Mar. 8, 2022). Finally, on February 3, 2017, the administrative judge docketed the 0229 Appeal, encompassing the USERRA claims forwarded by the Board in the 0364 Appeal, namely, the LOR, 14-day suspension, and alleged constructive suspension. The administrative judge dismissed for lack of jurisdiction the constructive suspension claim and denied corrective action regarding the remaining actions. 0229 Appeal, Initial Appeal File, Tab 17, Initial Decision (0229 ID) at 2, 9-37. The appellant has petitioned for review of that decision.

## ANALYSIS

¶8     As set forth above, the court in *Lentz* held that the proper question in this case is whether the totality of the evidence, including both the evidence of alleged USERRA violations and the evidence of other coercive agency actions, rendered

---

whether the appellant made protected disclosures, and not on whether his resignation was involuntary and thus a personnel action. The actions at issue in the 0680 Appeal postdate the appellant's resignation, and thus could not have contributed to any hostile work environment that led to a constructive discharge. 0680 Appeal, Initial Appeal File, Tab 14 at 2 (defining the issue as whether the appellant was discriminated against based on his prior protected USERRA activity in job references issued by the agency on March 2, 2015, March 18, 2015, April 21-22, 2015, June 2, 2015, July 14, 2015, and September 30, 2015); *see Terban v. Department of Energy*, 216 F.3d 1021, 1024 (Fed. Cir. 2000) (finding that the period of time between the allegedly coercive act and the retirement is usually the most probative evidence of involuntariness).

the appellant's resignation involuntary. *Lentz*, 876 F.3d at 1386. The court held that the cause of action in the 0364 Appeal was the alleged constructive discharge, not the USERRA violation alone, and that "[a]ll of the evidence relevant to constructive discharge must be considered . . . ." *Id.* Thus, the appropriate standard in this case is whether the totality of events, on all of the evidence, produced a working environment sufficiently hostile as to lead to an involuntary resignation. *Id.* In remanding the case to the Board, however, the court stated that it had not decided whether the appellant's allegations were nonfrivolous based on the totality of the evidence. *Id.*

¶9      The court addressed much of the evidence it considered relevant for the Board to address in determining whether the appellant's working environment was sufficiently hostile to lead him to resign involuntarily. For example, the court noted that the agency had issued a LOR, as well as a proposed and sustained 14-day suspension, and that the appellant had been on medical leave between his receipt of the proposal letter and his resignation and had alleged a denial of reasonable accommodation. *Id.* at 1382-83. The court further noted that the appellant's resignation letter cited harassment and a hostile work environment that aggravated an illness and his veterans disability and made his work circumstances intolerable. *Id.* at 1382. It further observed the appellant's contentions that his performance had been rated "superior" until the most recent 2 years of employment, he had filed complaints alleging discrimination and harassment by his supervisors, including USERRA complaints, and he had alleged that the LOR and 14-day suspension were retaliatory and discriminatory, leading to his coerced resignation. *Id.* The court mentioned that the appellant had alleged before the Board that the agency discriminated against him based on his status as a disabled veteran and retaliated against him for filing USERRA complaints, and had alleged retaliation for whistleblowing activity in separate appeals. *Id.*

¶10    To be entitled to an evidentiary hearing on jurisdiction, an employee seeking to show that his resignation was involuntary must make nonfrivolous allegations that could establish jurisdiction. *Middleton v. Department of Defense*, 185 F.3d 1374, 1379-80 (Fed. Cir. 1999). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). Based on the above events described by the court, we find that the appellant has nonfrivolously alleged that the agency issued a LOR, proposed and sustained a 14-day suspension, denied him a reasonable accommodation, reduced his performance ratings, and otherwise created a hostile work environment based on his status as a disabled veteran, his filing of USERRA complaints, and his whistleblowing disclosures, thereby making his working environment sufficiently hostile so as to lead to his involuntary resignation.[4] He has further nonfrivolously alleged that these allegedly improper actions by the agency created depression, stress, and anxiety that further led to his involuntary resignation. *See* 0363 IAF, Tab 3 at 11-12, 15, Tab 4 at 4 (resignation letter asserting that "[t]he many acts of harassment that I have been subjected to have created a hostile work environment that has severely aggravated an illness and disabilities which have caused me to be placed on sick leave for an indefinite period of time," "several times during 2014, I have been pushed to the limits of what I could endure and had to take significant amounts of sick leave as a result," "[t]his continued harassment is making it nearly impossible for me to recover from the aggravated illness and disabilities," and he had no choice but to resign because "I can no longer endure the physical and mental pain caused by my aggravated illness and disabilities"). The Board has held that such allegations entitle the appellant to a jurisdictional

---

[4] Although the court explained that the appellant had filed separate appeals that were "not here at issue" alleging that the agency's "actions" were in reprisal for protected whistleblowing activity, *Lentz*, 876 F.3d at 1382, the appellant's resignation letter reflects that his hostile work environment claim in connection with his alleged involuntary resignation included his belief that the agency had punished him for his whistleblower disclosures, 0363 IAF, Tab 4 at 4.

hearing on the issue of whether a retirement or resignation is involuntary. *See O'Brien v. Department of Agriculture*, 91 M.S.P.R. 139, ¶¶ 5-9 (2002) (finding a nonfrivolous allegation of an involuntary retirement based on assertions of harassment and retaliation that led to, among other things, depression); *Koury v. Department of Defense*, 84 M.S.P.R. 219, ¶¶ 13-14, 17 (1999) (remanding for a jurisdictional hearing upon finding that the appellant made a nonfrivolous allegation that he had been subjected to an ongoing pattern of reprisal and harassment that led to his resignation when he was unable to return to work due to anxiety); *Jones v. Department of the Navy*, 66 M.S.P.R. 421, 423-25 (1995) (remanding for a jurisdictional hearing because the appellant made a nonfrivolous allegation that his resignation was involuntary due to health concerns caused by agency harassment); *Swift v. U.S. Postal Service*, 61 M.S.P.R. 29, 32-33 (1994) (remanding for a jurisdictional hearing based on nonfrivolous allegations that the appellant suffered from depression with anxiety as a result of specified acts of harassment). Under these circumstances, we find that the appellant has made nonfrivolous allegations of fact that entitle him to a jurisdictional hearing.[5]

¶11    We further find that, because the 0198, 0229, and 0497 Appeals that have been, or will be, joined to the 0363 and 0364 Appeals involve the underlying allegations identified by the court that are relevant to the issue of the voluntariness of the appellant's resignation, the initial decisions in the 0198 and 0229 Appeals are vacated and the appellant is entitled to a combined hearing in all of the joined cases if he requests one, and the opportunity to submit additional

---

[5] The court noted that the administrative judge had reported that the appellant did not request a hearing below, but instead requested the opportunity to develop the written record. *Lentz*, 876 F.3d at 1384 n.3. Nevertheless, in light of our determination that the appellant has raised a nonfrivolous allegation that his resignation was involuntary, he is entitled to a hearing if he requests one on remand. If he does not request a hearing on remand, he is entitled to present written evidence and argument so as to fully develop the record on the question of the voluntariness of his resignation. *See Lentz*, 876 F.3d at 1384 (noting that the appellant "states that he provided thirty-six pieces of evidence, none of which was directly addressed," and that the administrative judge declined to consider information that had been segregated in the 0363 Appeal).

evidence and argument in those cases if he does not request a hearing. In this regard, we note that the 0198 Appeal involves an alleged violation of USERRA in the agency's failure to select him for vacancies and a detail,[6] and the 0229 Appeal involves the LOR, 14-day suspension, and alleged constructive suspension in the context of a USERRA appeal.[7] To establish Board jurisdiction over a USERRA discrimination appeal, the appellant must allege the following: (1) he performed duty or has an obligation to perform duty in a uniformed service of the United States; (2) the agency denied him initial employment, reemployment, retention, promotion, or any benefit of employment; and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service. *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 10 (2012). A claim of discrimination under USERRA should be broadly and liberally construed in determining whether it is nonfrivolous. *Id.* Once an appellant has established jurisdiction over a USERRA appeal, he has an unconditional right to a hearing. *Palumbo v. Department of the Interior*, 112 M.S.P.R. 206, ¶ 7 (2009). Here, we

---

[6] Although the court does not appear to have specifically mentioned the appellant's allegations that the agency failed to select him for vacancies and a detail in violation of USERRA, the record in the 0363 Appeal indicates that he raised these claims in connection with his assertion that the agency created a hostile work environment that led to his involuntary resignation. 0363 IAF, Tab 3 at 6-7, 9, 26-27, 30, 34.

[7] The appellant alleges on review in the 0229 Appeal that the administrative judge improperly failed to docket his constructive suspension claim as a separate chapter 75 appeal. 0229 Appeal, Petition for Review File, Tab 1 at 5. We agree. Given the court's reasoning in *Lentz*, 876 F.3d at 1386, that the proper question in that case was whether the totality of the evidence, including both the evidence of alleged USERRA violations and the evidence of other coercive agency actions, rendered the appellant's resignation involuntary, we similarly find that, in determining whether the agency constructively suspended the appellant, the totality of the evidence, including evidence of alleged USERRA violations and evidence of other alleged coercive actions, must be considered. *See Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 9 (2016) (although various fact patterns may give rise to an appealable constructive suspension, all such claims are premised on the proposition that an absence that appears to be voluntary actually is not because the employee lacked a meaningful choice in the matter and it was the agency's wrongful actions that deprived her of that choice). Thus, the administrative judge shall docket, join with these appeals, and adjudicate on remand an appeal under 5 U.S.C. chapter 75 of the appellant's constructive suspension claim.

agree with the administrative judge that the appellant made nonfrivolous allegations in the 0198 and 0229 Appeals entitling him to a hearing, should he request one on remand. 0198 Appeal, Initial Appeal File, Tab 28, Initial Decision at 5; 0229 ID at 2, 6-9. Although the administrative judge must adjudicate on remand the merits of the 0198 and 0229 Appeals, we also note that, when allegations of discrimination or reprisal are alleged in connection with a determination of voluntariness, such as the issue of the voluntariness of the appellant's resignation in these cases, such evidence of discrimination or reprisal may be addressed insofar as it relates to the issue of voluntariness and not whether the evidence would establish discrimination or reprisal as an affirmative defense. *O'Brien*, 91 M.S.P.R. 139, ¶ 6.

¶12 The administrative judge shall adjudicate all of these joined cases after a single hearing, if requested by the appellant, and in a single initial decision. Although the 0215 and 0225 Appeals involved the appellant's performance appraisal and claim that the agency denied him a reasonable accommodation, and although these actions were mentioned by the court in *Lentz*, 876 F.3d at 1382-83, and could have been a factor in the hostile working conditions that led to his alleged involuntary resignation, the Board's decisions in those cases became final and were not appealed to the court. Therefore, the administrative judge on remand need not readjudicate the merits of those cases, but must consider the underlying allegations in those cases in addressing the totality of the evidence as it relates to the appellant's alleged involuntary resignation. Similarly, the administrative judge on remand need not readjudicate the merits of the 0688 Appeal, which is an IRA appeal, because that appeal has become final in a separately issued Board decision. Nevertheless, he must consider the underlying allegations of reprisal for whistleblowing in addressing the totality of the evidence as it relates to the appellant's alleged involuntary resignation. *See Neice v. Department of Homeland Security*, 105 M.S.P.R. 211, ¶ 8 (2007).

**ORDER**

¶13      Accordingly, for the reasons discussed above, we remand these cases to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    /s/ for

                                         Jennifer Everling
                                         Acting Clerk of the Board
Washington, D.C.