NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NANCY J. SWICK,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-2085

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-17-0008-W-1.

---

Decided: May 10, 2024

---

NANCY J. SWICK, Trafford, PA, pro se.

DEANNA SCHABACKER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before TARANTO, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Nancy Swick worked as a nurse practitioner, beginning in 2011, at Fort Belvoir Community Hospital, which is operated by the United States Department of Defense. After being informed in December 2012 that she would be placed on a performance improvement plan, she resigned effective January 2013. She then challenged her resignation as involuntary and alleged whistleblower reprisal before the Merit Systems Protection Board. An administrative judge dismissed her challenge for lack of jurisdiction. The Board agreed that it lacked jurisdiction, though for different reasons, and affirmed the dismissal. On Ms. Swick's petition for review, we affirm.

I

On November 28, 2011, Ms. Swick was appointed to work as a nurse practitioner in the obstetrics and gynecology department at Fort Belvoir Community Hospital, with probationary status for one year. In August 2012, based in part on patient complaints, her employer grew concerned about Ms. Swick's performance, and whether her health might be a cause, and Ms. Swick's department chief recommended that she be evaluated by the hospital's Occupational Health Clinic. Ms. Swick ultimately took time off from work due to both her medical issues and an illness in her family and returned to work on or about November 13, 2012.

In December 2012, Ms. Swick received and reviewed a letter from her supervisor detailing several complaints, lodged since her return to work, about her patient care. The letter states that Ms. Swick's supervisor was "pursuing disciplinary action" against her and that "[a] Performance Improvement Plan will be developed and implemented as soon as possible." Supplemental Appendix (SAppx)156. She also had a meeting with her supervisor and her department chief on December 13, 2012, to discuss the concerns raised in the letter. The following Monday, December 17, 2012, Ms. Swick left her office keys, security

badges, and identification cards on her desk before the clinic opened and did not return to work. On December 26, 2012, Ms. Swick submitted a resignation letter effective January 4, 2013.

In February 2016, Ms. Swick filed a complaint with the Office of Special Counsel (OSC) alleging various prohibited personnel practices under 5 U.S.C. § 2302(b)(1) and (12), including being forced to resign. SAppx110, SAppx121. She did not allege retaliation for whistleblowing, a subject addressed in 5 U.S.C. § 2302(b)(8) and (9). *See* SAppx115, SAppx119–120. OSC made a preliminary determination that it could not "establish the existence of any prohibited personnel practice alleged in [her] complaint." SAppx108. Ms. Swick requested reconsideration, but OSC "found no new additional information or facts that would lead [it] to believe [its] preliminary determination was in error," and, therefore, closed its review. SAppx107. Ms. Swick filed an appeal with the Board, arguing that OSC should not have closed its review without any action.

The assigned administrative judge construed Ms. Swick's appeal as having two components: a general challenge to prohibited personnel practices, including involuntary resignation, SAppx27–28, and an individual right of action appeal for whistleblower reprisal under 5 U.S.C. § 1221, SAppx157–58. The administrative judge determined, based on Ms. Swick's apparent concession that she had resigned during her probationary period, *see* SAppx27, SAppx114, that the Board lacked jurisdiction over the involuntary-resignation claim because she was not, at the time of her resignation, an employee under 5 U.S.C. § 7511. SAppx27–28. As for whistleblower reprisal, the administrative judge, after advising Ms. Swick of the proof required to demonstrate the Board's jurisdiction over such a claim, determined that the Board lacked jurisdiction. The administrative judge assumed, without deciding, that Ms. Swick had exhausted her administrative remedies as required for a whistleblower claim, but concluded that she

had failed to present nonfrivolous allegations of whistle-blower reprisal.  The administrative judge thus dismissed Ms. Swick's appeal for lack of jurisdiction.  Ms. Swick appealed the administrative judge's decision to the Board.

The Board agreed with the administrative judge that it lacked jurisdiction over Ms. Swick's appeal, although its rationale differed in part.  Specifically, the Board noted that Ms. Swick was not in fact a probationary employee, her one-year probationary period having expired by the time of her resignation, but it concluded that Ms. Swick nevertheless had not made a nonfrivolous allegation of Board jurisdiction over her involuntary-resignation claim, even after having been properly notified of what was required for such an allegation.  As to Ms. Swick's whistle-blower claim, in addition to agreeing with the administrative judge that Ms. Swick had not presented nonfrivolous allegations of whistleblower reprisal, the Board also determined that Ms. Swick had failed to exhaust her administrative remedies before OSC.  Consequently, the Board affirmed the administrative judge's initial decision dismissing Ms. Swick's appeal.

The Board issued its final order on May 12, 2023.  Ms. Swick timely appealed on June 15, 2023, as permitted by 5 U.S.C. § 7703(b)(1)(A).  We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

II

We will affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).  Whether the Board has jurisdiction over a case is a legal question that we decide de novo.  *Forest v. Merit Systems Protection Board*, 47 F.3d 409, 410 (Fed. Cir. 1995).  To the extent that the Board has made factual findings related to the jurisdictional inquiry, we review the

factual findings for substantial evidence. *Lentz v. Merit Systems Protection Board*, 876 F.3d 1380, 1384 (Fed. Cir. 2017). "The petitioner bears the burden of establishing error in the Board's decision." *Harris v. Department of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Ms. Swick's principal arguments on appeal concern the Board's determination that her resignation was not involuntary. An employee's decision to resign is presumed to be a voluntary act, for which the employee has no right of appeal. *Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1340–41 (Fed. Cir. 2001). To establish Board jurisdiction over a resignation, an employee must prove by a preponderance of the evidence that the resignation was involuntary. *Id.* at 1341. A resignation may be involuntary if it was coerced or based on alleged misinformation or deception. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328–29 (Fed. Cir. 2006) (en banc). To establish that a resignation was based on coercion, an employee must show that "'(1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency.'" *Id.* at 1329 (quoting *Shoaf*, 260 F.3d at 1341). We have noted that "freedom of choice is a central issue" in this inquiry. *Id.* "The fact that an employee is faced with an inherently unpleasant situation or that his choice is limited to two unpleasant alternatives does not make an employee's decision any less voluntary." *Covington v. Department of Health and Human Services*, 750 F.2d 937, 942 (Fed. Cir. 1984). As for misinformation, we have found resignations involuntary due to misleading information, "even innocently provided," where an employee "materially relies on the misinformation to his detriment." *Id.* at 942.

On appeal, Ms. Swick argues that her resignation was involuntary because, given her medical issues and the performance concerns raised in the latter half of 2012, she

would have been illegally practicing medicine while impaired had she not resigned. She notes that her supervisor "knew or should have known" that she "was diagnosed as impaired" but nevertheless "threatened disciplinary action." Swick Opening Br. at 3. These allegations do not, however, demonstrate that she had "'no realistic alternative but to resign.'" *Garcia*, 437 F.3d at 1329 (quoting *Shoaf*, 260 F.3d at 1341). As the Board notes, Ms. Swick could have requested medical leave or reasonable accommodation, rather than immediately resigning. Board Br. at 16.

Ms. Swick also suggests that she was misled into resigning based on the threat of a performance improvement plan or other disciplinary action. She does not, however, provide any support for the assertion that the alleged threat of disciplinary action was untrue or misleading— she does not, for example, suggest that there would have been no basis for disciplinary action. *See Cruz v. Department of the Navy*, 934 F.2d 1240, 1244 (Fed. Cir. 1991) (en banc) (determining that petitioner who contended his resignation was involuntary by alleging that a threatened removal was baseless had not provided sufficient support for those allegations). She argues that her supervisors should have discussed with her the conclusions of her occupational health examinations rather than threatening disciplinary action, but that contention does not identify a prohibited personnel action and does not demonstrate that, disciplinary action having been proposed, she had no choice but to resign.

Although Ms. Swick alludes to her previous whistleblower claim before the Board, she does not appear to raise any arguments about it on appeal. In any event, she has identified no error, and we see none, in the Board's determination that it lacked jurisdiction over the whistleblower-reprisal claim because Ms. Swick had failed to exhaust her administrative remedies with respect to that claim. *See* 5 U.S.C. § 1214(a)(3) (requiring the exhaustion of

administrative remedies from OSC before seeking corrective action from the Board).

## III

We have considered Ms. Swick's other arguments and find them unpersuasive.  Because Ms. Swick failed to non-frivolously allege that her resignation was involuntary, we affirm the Board's dismissal of Ms. Swick's complaint for lack of jurisdiction.

The parties shall bear their own costs.

**AFFIRMED**