NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERIC J. KOKE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-2137

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-17-0202-I-1.

---

Decided: June 18, 2024

---

ERIC JOHN KOKE, SR., Bath, PA, pro se.

DEANNA SCHABACKER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before CHEN, CUNNINGHAM, and STARK, *Circuit Judges.*

PER CURIAM.

Eric John Koke appeals pro se a final decision of the Merit Systems Protection Board (Board) that denied his petition for review of and affirmed the administrative judge's initial decision dismissing Mr. Koke's appeal for lack of jurisdiction. *Koke v. U.S. Postal Serv.*, No. PH-0752-17-0202-I-1, 2023 WL 3482734 (M.S.P.B. May 16, 2023) (Appx. 1–7) (*Board Decision*);[1] *Koke v. U.S. Postal Serv.*, No. PH-0752-17-0202-I-1, 2017 WL 3011853 (M.S.P.B. July 13, 2017) (Appx. 11–20) (*Initial Decision*).[2]  For the following reasons, we *affirm*.

## BACKGROUND

Mr. Koke worked for the United States Postal Service (USPS) as a Mail Handler over 20 years ago.  The USPS removed him from that position, effective July 13, 2002, and Mr. Koke challenged that action in an appeal to the Board filed on August 12, 2002.  During a telephonic conference on October 2, 2002, Mr. Koke informed the administrative judge that he was withdrawing his appeal.  The administrative judge found that the withdrawal was voluntary and, citing *Jackson v. Department of Air Force*, 45 M.S.P.R. 483, 484 (1990), dismissed the appeal for lack of jurisdiction.  *See id.* ("Withdrawal of an appeal is an act of finality that removes an appeal from the Board's jurisdiction.").  That dismissal became final on November 6, 2002. *See* 5 C.F.R. § 1201.113.

After withdrawing his appeal, Mr. Koke grieved his removal, leading to an arbitration between the USPS and the National Postal Mail Handlers Union about his removal.

---

[1]    "Appx." refers to the appendix filed with the government's informal brief.

[2]    The electronic version of the Initial Decision at 2017 WL 3011853 does not have page designations.  We therefore cite to the Initial Decision found at Appx. 11–20.

Following a hearing, the arbitrator denied the grievance on July 15, 2003.

More than a decade later, on December 30, 2016, Mr. Koke filed with the Office of Special Counsel (OSC) a complaint about possible prohibited personnel practice or other prohibited activity, related to his 2002 removal as a USPS Mail Handler. The OSC responded to Mr. Koke by letter, alerting him that it lacked jurisdiction over the matter because its jurisdiction does not apply to employees of the USPS.

Mr. Koke subsequently filed a second appeal with the Board on March 9, 2017, again challenging his 2002 removal. The USPS moved to dismiss and, on July 13, 2017, the administrative judge—who presided over and dismissed Mr. Koke's original appeal in 2002—dismissed the appeal for lack of jurisdiction. *Initial Decision* at 1–4.[3] The administrative judge found that Mr. Koke "had clearly and unequivocally withdrawn his appeal" and "made no allegation as to the existence of new and material evidence which would render void his previous withdrawal." *Id.* at 2.

Mr. Koke timely petitioned for review of the Initial Decision by the full Board. On May 16, 2023, the Board denied Mr. Koke's petition and affirmed the Initial Decision dismissing the appeal. *Board Decision*, 2023 WL 3482734, at *1. The Board "agree[d] with the analysis in the [I]nitial [D]ecision that [Mr. Koke] failed to make a nonfrivolous allegation of Board jurisdiction." *Id.*

Mr. Koke appeals, requesting $5 million in compensatory damages, $3 million in punitive damages, and to be

---

[3]    The Initial Decision was originally incorrectly dated July 11, 2017. In an erratum dated August 24, 2017, the date of the Initial Decision was corrected to July 13, 2017.

the United States postmaster general for one month. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions is limited by statute. We must affirm the Board's decision unless we find that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Whether the board had jurisdiction to adjudicate a case is a question of law, which we review *de novo*." *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). We review factual findings that affect the jurisdictional inquiry for substantial evidence. *Lentz v. Merit Sys. Prot. Bd.*, 876 F.3d 1380, 1384 (Fed. Cir. 2017).

The Board has long held that "withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction, and . . . the Board will not reinstate an appeal once it has been withdrawn in the absence of unusual circumstances such as misinformation or new and material evidence." *Brown v. Dep't of the Navy,* 71 M.S.P.R. 451, 453–54 (1996).

Mr. Koke does not argue that the Board and the administrative judge erred in determining that the Board lacks jurisdiction to reopen and hear his appeal challenging his removal. Mr. Koke does not dispute that he withdrew his appeal with the Board and instead challenged his 2002 removal through grievance-arbitration procedures. He does not contend that misinformation contributed to his decision to withdraw his appeal in order to pursue grievance-arbitration procedures. Nor does he point to any alleged new and material evidence that the Board and the administrative judge overlooked in determining whether he established unusual circumstances warranting reinstatement of the appeal. Nonetheless, we have reviewed the Board's

decision and see no error in the Board's conclusion that it lacks jurisdiction.

Instead, Mr. Koke makes three arguments on appeal. We address each in turn.

First, Mr. Koke asserts that because he is a disabled veteran "there is no time limit to file a [Uniformed Services Employment and Reemployment Rights Act (USERRA)] [a]ppeal with the Board." Pet'r's Informal Br. at 2 (citing 38 U.S.C. § 4324(a), (b)). But this appeal does not involve a claim under USERRA. Nor was Mr. Koke's appeal to the Board dismissed for untimeliness.

Second, Mr. Koke alleges a violation of his constitutional right to due process by the USPS's failure to preserve evidence relating to his 2002 removal in anticipation that Mr. Koke might seek to reopen his appeal, more than a decade after it was first dismissed by the Board and after the conclusion of an arbitration denying Mr. Koke's grievance of the same removal. Pet'r's Informal Br. 2–3. Mr. Koke contends that "[t]he [g]overnment has a duty to preserve certain types of [e]vidence it collects during criminal investigations and prosecutions" in order to "protect a defendant's rights to" due process. *Id.*

Mr. Koke cites no legal support for this argument, which, in any event, would be inapplicable to Mr. Koke in these proceedings related to his removal. The USPS is not a law enforcement agency, and Mr. Koke's removal did not make him a defendant in a criminal prosecution. Mr. Koke has not established that the USPS had a duty to preserve the evidence relating to his removal or that Mr. Koke's right to due process was violated by the USPS's failure to do so.

Finally, Mr. Koke contests the facts underlying his removal, and further states that removal based on his alleged conduct would violate his right to freedom of speech under the First Amendment. Pet'r's Informal Br. 3–4. But the

Board did not address the merits of Mr. Koke's removal because it determined that it lacked jurisdiction over his appeal.

## CONCLUSION

We have considered Mr. Koke's remaining arguments and find them unpersuasive. Accordingly, we *affirm* the Board's decision.

## **AFFIRMED**

### COSTS

No costs.