# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES R. TALTON,
             Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
             Agency.

DOCKET NUMBER
AT-0707-15-0094-J-1

DATE: February 10, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>James R. Talton</u>, Montgomery, Alabama, pro se.

<u>Gia M. Chemsian</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the administrative judge's decision, which sustained his removal from the Senior Executive Service (SES) in the Department of Veterans Affairs (DVA or agency). Generally, we grant petitions such as this one only in the following circumstances: the decision of the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge contains erroneous findings of material fact; the decision of the administrative judge is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or his or her decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DEEM the appellant's petition to be timely filed, DENY the petition, and AFFIRM the decision of the administrative judge.

## BACKGROUND

¶2  Section 707 of the Veterans Access, Choice, and Accountability Act of 2014 (2014 Act), Pub. L. No. 113-146, 128 Stat. 1754, set forth new procedures for the removal or transfer of DVA SES employees.  Section 707, 128 Stat. at 1798-1801.  Under these new procedures, an SES employee could be removed or, in some cases, transferred to the General Service, without regard to the procedural rights provided to SES employees in 5 U.S.C. § 7543(b).  2014 Act § 707.  The 2014 Act also provided that, if the SES employee challenged the action before the Board, the administrative judge's decision would be final and not subject to any further right of appeal.  *Id*.

¶3  On October 3, 2014, Deputy Secretary Sloan Gibson proposed the appellant's removal from his position as the Director of the Central Alabama Veterans Healthcare System (CAVHCS), an SES position, pursuant to the procedures set forth in section 707 of the 2014 Act.  Initial Appeal File (IAF), Tab 1 at 6-8.  The proposal charged the appellant with two specifications of

neglect of duty and two specifications of failing to provide appropriate information to his supervisor. *Id*. at 6-7. Specifically, in the first charge, neglect of duty, the agency asserted that the appellant failed to exercise proper oversight to ensure timely and appropriate action was taken against the following two employees: (1) an employee who transported a veteran to a place known for illegal use and distribution of drugs and who engaged in inappropriate financial transactions with patients; and (2) another employee who was involved in an accident while misusing a Government vehicle and misled police about the circumstances of his accident. *Id*. at 6. In the second charge, the agency asserted that the appellant failed to provide appropriate information to his supervisor because (1) he did not notify his supervisor about the employee that had transported the veteran to the place known for illegal drug use, and (2) on August 20, 2014, he issued a brief stating that the allegation against the employee was unsubstantiated, while previously reporting to agency investigators that he believed that the case against the employee was "ironclad." *Id*. at 6-7. After considering the appellant's written reply, the Deputy Secretary sustained the charges and their underlying specifications and imposed the removal, effective October 24, 2014. *Id*. at 9-11.

¶4      The appellant filed the instant appeal challenging his removal and did not request a hearing. IAF, Tab 1. On November 19, 2014, the administrative judge issued a decision sustaining the agency's action. IAF, Tab 31, Administrative Judge Decision (AJD). He sustained all of the charges and underlying specifications and found that the appellant did not prove his affirmative defenses. AJD at 10-26. The administrative judge also found, based upon the Board's limited ability to review the penalty determination, that the penalty was not unreasonable. AJD at 26-32.

¶5      Five days later, on November 24, 2014, Ms. Sharon M. Helman also was removed pursuant to the 2014 Act and, on December 22, 2014, an administrative judge issued a decision sustaining her removal. *Helman v. Department of*

*Veterans Affairs*, MSPB Docket No. DE-0707-15-0091-J-1, Decision (Dec. 22, 2014). On January 22, 2015, Ms. Helman filed a motion for an extension of time to file a petition for review, but the Clerk of the Board issued a letter on January 26, 2015, informing her that she did not have the right to file her petition. *Helman v. Department of Veterans Affairs*, MSPB Docket No. DE-0707-15-0091-J-1, Initial Appeal File, Tabs 77-79.

¶6        Ms. Helman then filed a petition for review with the U.S. Court of Appeals for the Federal Circuit, which was docketed on February 23, 2015. *Helman v. Department of Veterans Affairs*, MSPB Docket No. DE-0707-15-0091-L-1, Appeal File, Tab 1. On May 9, 2017, the Federal Circuit issued its decision in *Helman v. Department of Veterans Affairs*, 856 F.3d 920 (Fed. Cir. 2017). The court concluded that the provisions of the 2014 Act that prohibited further review of the decisions of administrative judges violated the Appointments Clause by improperly delegating the authority to issue a final decision to the administrative judges, who, it was undisputed, were hired as employees rather than officers of the United States. *Id*. at 929-30 (citing U.S. Const. art. 2, § 2, cl. 2). The court stated that rendering such decisions was a significant duty that should only be performed by a properly appointed officer of the United States. *Id*. Nevertheless, the court found that the remaining provisions of the statute were severable from the unconstitutional provisions, and thus, the court left these provisions unchanged. *Id*. at 935-36. The court remanded the matter to the Board for review of the administrative judge's decision, consistent with the remaining provisions of the 2014 Act. *Id*. at 938.

¶7        On June 8, 2017, 30 days after the Federal Circuit issued its decision in *Helman*, the appellant filed a petition for review of the administrative judge's decision. Petition for Review (PFR) File, Tab 1. Subsequently, on June 23, 2017, the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (2017 Act), Pub. L. No. 115-41, 131 Stat. 862, was enacted. Section 201 of the 2017 Act amended the 2014 Act and established a

new grievance procedure that removed the Board's jurisdiction. Section 201, 131 Stat. at 868-69 (codified at 38 U.S.C. § 713). Under the new procedures, an SES employee could instead obtain only limited judicial review of the agency's final decision. *Id*.

¶8        On June 26, 2017, the appellant filed a motion to waive the time limit for filing his petition. PFR File, Tab 3. The agency responded on July 7, 2017. PFR File, Tab 4. The appellant replied on July 25, 2017. PFR File, Tab 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

We deem the appellant to have filed a timely petition for review.

¶9        Ordinarily, a petition for review may only be filed within 35 days after the date of issuance of the administrative judge's decision or, if the appellant shows that the decision was received more than 5 days after the date of issuance, within 30 days after the date he received the decision. 5 C.F.R. § 1201.114(e). However, considering the unique circumstances of this case, we grant the appellant's motion to waive the time limit and deem that he has filed a timely petition for review.

¶10       According to the agency, we should not consider the appellant's petition for review because, unlike Ms. Helman, he failed to preserve his rights by filing an additional pleading with the Board or appealing to the Federal Circuit. PFR File, Tab 4 at 11-12. The agency also challenges the timeliness of the petition because approximately 2 1/2 years passed between the administrative judge's decision and the filing date. *Id*. at 10-11. However, as the statute in effect when the decision was issued did not provide for Board review or a court appeal, the appellant would have had no reason to preserve his rights through either of these methods. Therefore, we do not fault him in this respect. Further, although we agree that an extended period has elapsed between the issuance of the decision and the appellant's petition, the appellant acted diligently by filing his petition within 30 days after the Federal Circuit issued *Helman* and indicated to him that he may

have the right to file a petition for review.  Because the appellant would have had no reason to know that he could file a petition and he acted diligently when he was informed that he may have such a right, we deem his petition to have been timely filed.

<u>The provisions of the 2017 Act that remove Board jurisdiction are not retroactive.</u>

¶11    The agency asserts that the Board no longer has the authority to review the administrative judge's decision because the 2017 Act removed that authority. PFR File, Tab 4 at 12.  Specifically, the agency argues that the Board should give retroactive effect to the provisions of the 2017 Act that removed the Board's jurisdiction over appeals of adverse actions against DVA SES employees and transferred jurisdiction to a new internal grievance process with appeal rights directly to Federal court.  *Id.* (citing 38 U.S.C. § 713).  We disagree.

¶12    As the U.S. Supreme Court has stated, "[r]etroactivity is not favored in the law" and, therefore, "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown University Hospital*, 488 U.S. 204, 208 (1988); *see Landgraf v. USI Film Products*, 511 U.S. 244, 265 (1994); *see also Hicks v. Merit Systems Protection Board*, 819 F.3d 1318, 1321 (Fed. Cir. 2016).  Accordingly, a statute or administrative rule will not be construed as retroactive unless there is clear evidence that Congress intended as such.  *Bowen*, 488 U.S. at 208; *see Landgraf*, 511 U.S. at 265; *see also Hicks*, 819 F.3d at 1321.

¶13    The Board will apply the analytical approach set forth in *Landgraf* in determining whether a new statute or portion of a statute should be given retroactive effect.  *King v. Department of the Air Force*, 119 M.S.P.R. 663, ¶ 8 (2013) (citing *Landgraf*, 511 U.S. at 280).[2]   Under *Landgraf*, when a case

---

[2] The Federal Circuit adopted a three-part test to examine the issue of whether a change in the law would have an impermissible effect if applied retroactively under *Landgraf*. *See Princess Cruises*, *Inc. v. United States*, 397 F.3d 1358, 1362-63 (Fed. Cir. 2005). Under that test, the court will consider the following factors:  (1) "the nature and extent

implicates a Federal statute enacted after the events at issue, we must first determine whether Congress expressly prescribed in the statute that the provision at issue should be applied retroactively. 511 U.S. at 280. If the statute expressly states that the provision is retroactive, then our inquiry ends there. *Id*. If the statute does not expressly state that the provision is retroactive, then we must determine whether the statute's retroactive application "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id*. If so, the statute does not govern retroactively, absent clear congressional intent indicating otherwise. *Id*.

¶14    We find that Congress did not expressly prescribe that the provisions at issue in the 2017 Act would be retroactive. *See Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1380 (Fed. Cir. 2020) (finding that the VA Accountability Act "lacks an unambiguous directive or express command that the statute is to be applied retroactively" (quotation marks and citations omitted)). Congress has the ability to clearly express its intent for a statute to apply retroactively and has done so concerning other statutes. *See, e.g.*, 38 U.S.C. § 4324(c) (providing that the Board's jurisdiction to hear appeals under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) exists "without regard to whether the complaint accrued before, on, or after October 13, 1994"); *Lapuh v. Merit Systems Protection Board*, 284 F.3d 1277, 1281-82 (Fed. Cir. 2002) (observing that Congress expressly provided for the Board's retroactive jurisdiction over claims brought under USERRA, but did not do so for veterans' preference claims under the Veterans Employment Opportunities Act of 1998

_____

of the change of the law"; (2) "the degree of connection between the operation of the new rule and a relevant past event"; and (3) "familiar considerations of fair notice, reasonable reliance, and settled expectations." *Id*. Because we find that the *Landgraf* holding directly controls in this appeal, we do not apply the *Princess Cruises* test. However, even if we did, we would still find that the relevant portion of the 2017 Act is not retroactive. *See King*, 119 M.S.P.R. 663, ¶ 17 n.3.

(VEOA)). In this case, however, Congress has not specifically provided for an effective date of the provisions at issue. Instead, only two provisions of the 2017 Act—those regarding recouping awards, bonuses, and relocation expenses— specify an effective date, stating that they will apply to payments made on, or after, the date of enactment. Sections 204(c), 205(c), 131 Stat. at 875-77; *Sayers*, 954 F.3d at 1380.

¶15        When Congress has provided for a specific effective date for some provisions of a statute and not for others, it is assumed that it intended the statute to apply only to actions that occurred after the date of enactment. *See Lindh v. Murphy*, 521 U.S. 320, 327-30 (1997) (holding that, if legislation includes a provision that expressly applies to cases pending on the date of enactment and another provision that does not, the statute "indicat[es] implicitly" that the latter applies only to cases filed after the date of enactment); *Ad Hoc Shrimp Trade Action Committee v. United States*, 802 F.3d 1339, 1349-51 (Fed. Cir. 2015) (holding that section 502 of the Trade Preferences Extension Act of 2015, Pub. L. No. 114-27, 129 Stat. 362, 383-84, did not apply retroactively when Congress expressly provided that other provisions of the Act had retroactive effect). Thus, because Congress has provided for a specific effective date for two provisions but has not otherwise specified an effective date, the 2017 Act does not expressly provide that the provisions at issue are retroactive.

¶16        Having determined that the 2017 Act does not expressly state that it is retroactive, we must apply the second part of the *Landgraf* test to determine retroactivity. *See Sayers*, 954 F.3d at 1380-82 (applying *Landgraf* to examine whether section 202 of the VA Accountability Act had an impermissible retroactive effect because Congress did not express any intent as to whether the Act applied to pre-enactment conduct); *Wilson v. Department of Veterans Affairs*,

2022 MSPB 7, ¶ 27.[3]  We find that applying the 2017 Act would impair the review rights that the appellant was afforded after the Federal Circuit's decision in *Helman* and thus it cannot be applied retroactively.  The court found that the portions of the 2014 Act that provided for the finality of the administrative judge's decision were unconstitutional.  *Helman*, 856 F.3d at 929-30.  At that time, the appellant's right to Board review of that decision was restored.  He then filed a petition for review on June 8, 2017.  PFR File, Tab 1.  After the appellant filed his petition, the 2017 Act revised 38 U.S.C. § 713 to provide that removal decisions of SES employees are only reviewable through an internal grievance process and then through a Federal court appeal, thus excluding Board jurisdiction.[4]  2017 Act § 201.  Accordingly, if we were to apply that provision retroactively, it would improperly revoke the appellant's previously granted right to seek Board review of the agency's action.  *See Upshaw v. Consumer Product Safety Commission*, 111 M.S.P.R. 236, ¶ 10 (2009) (finding that new suitability regulations issued by the Office of Personnel Management could not be applied retroactively to exclude Board jurisdiction), *modified on other grounds by Scott v.*

---

[3] In *Sayers*, the agency removed the appellant pursuant to section 202 of the VA Accountability Act, codified as amended at 38 U.S.C. § 714.  *Sayers*, 954 F.3d at 1372.  Section 202 authorizes the agency to "remove, demote, or suspend a covered individual" for inadequate performance or misconduct using an expedited process.  131 Stat. at 869-72; *Wilson*, 2022 MSPB 7, ¶¶ 11, 28.  Our reviewing court held that section 202 had an impermissible retroactive effect because its lowered substantial evidence standard of proof and elimination of the Board's authority to mitigate the penalty detrimentally affected the appellant's property right to continued employment and "substantive rights to relief from improper removal."  *Sayers*, 954 F.3d at 1372 n.1, 1374, 1380‑81; *Wilson*, 2022 MSPB 7, ¶¶ 27-28.  In so finding, the court did not address whether section 201 had an impermissible retroactive effect, and thus, we consider it here.

[4] It is also unclear what new duties the 2017 Act would require of the appellant or the agency if he would have pursued his challenge to his removal.  Under the new statute, the appellant would have been entitled to file a grievance and then seek court review, yet he has already filed a Board appeal.  38 U.S.C. § 713(a)(2)(C); IAF, Tab 1.  The agency has not explained how it would have adjudicated this appeal, considering the grievance rights provided for in the 2017 Act.  Considering this confusion, it is also unclear whether applying the new statute would increase the agency's liability.

*Office of Personnel Management*, 116 M.S.P.R. 356 (2011). Thus, we conclude that the portion of the 2017 Act that provides for a new grievance process and direct court review is not retroactive.[5] *See Lapuh*, 284 F.3d at 1280-82 (finding that 5 U.S.C. § 3330a(d)(1) did not retroactively provide for the Board's jurisdiction over allegations of a denial of veterans' preference that arose prior to the VEOA's enactment).

The appellant has provided no basis for granting his petition for review, and thus we sustain the removal and affirm the administrative judge's decision.[6]

*The administrative judge properly sustained the charges.*

¶17    The appellant challenges the administrative judge's decision to sustain charge 1, specification 1, neglect of duty, stating that he lawfully decided there was insufficient circumstantial evidence to prove the allegations against the employee who drove the veteran to a place of illegal drug use. PFR File, Tab 1, at 1-2. He states that the agency never provided him with training or specific criteria for taking disciplinary decisions and that his decision was based upon a judgment call. *Id.* at 2-3. He also argues that the determination by the agency's detective and hospital police—that the employee's actions did not justify criminal charges—supported his decision not to impose discipline. *Id.* at 2.

¶18    Applying the factors set forth in *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981), for assessing hearsay evidence, the administrative

---

[5] Nothing in the 2017 Act or elsewhere suggests that it constituted a clarification of an existing law. *Cf. Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶¶ 10-26 (2013).

[6] The appellant has attached new information in the form of an article about a June 19, 2015 meeting about CAVHCS. PFR File, Tab 1 at 18-19. The Board generally will not consider evidence submitted for the first time on review absent a showing that the documents and the information contained in the documents were unavailable before the record closed below despite due diligence and the evidence contained therein is of sufficient weight to warrant an outcome different from the administrative judge's decision. *See Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015), *aff'd*, 839 F.3d 1126 (Fed. Cir. 2016); 5 C.F.R. § 1201.115(d). While this article is new, it is not relevant to our determining whether to sustain the appellant's removal. Thus, we have not considered it.

judge found that the appellant either was aware of the full details of the investigation and failed to take appropriate action or, under the circumstances, should have known that these instances warranted his immediate and continued attention. AJD at 15. He considered that the appellant was a high-level employee, as he was a member of the SES and the Director of CAVHCS, and determined that a person of ordinary prudence in the same situation and with equal experience to that of the appellant would have timely and appropriately taken administrative action against the employee. *Id.* (citing *Thomas v. Department of Transportation*, 110 M.S.P.R. 176, ¶ 9 (2008)). He concluded that the agency proved the appellant failed to exercise proper oversight to ensure that the appropriate action was timely taken against the employee. AJD at 15-16.

¶19 The appellant's reliance on the absence of criminal prosecution to justify his decision is misplaced because, although the Office of Inspector General and the police did not recommend criminal prosecution, they did recommend administrative action. IAF, Tab 26 at 5-6. His assertions that he made a judgment call, lacked training to make the proper decision, or otherwise found that discipline was not warranted because the matter was not being criminally investigated, do not provide a reason for disturbing the administrative judge's findings that the appellant did not exercise proper oversight in this case.[7] PFR File, Tab 1 at 1-3; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

¶20 The appellant claims that we should not sustain charge 2 because specification 2 of the charge is unsupported. PFR File, Tab 1 at 3-4. He challenges the administrative judge's decision to sustain specification 2, which

---

[7] The appellant challenges the administrative judge's finding sustaining specification 2 of charge 1 but has not provided a basis for disturbing this finding. PFR File, Tab 1 at 4. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997).

alleges that he failed to provide appropriate information to his supervisor when he initially stated that the charge against an employee was "ironclad," and then later stated that the charge against the employee was unsubstantiated. *Id*. at 3. He argues that the report from the Administrative Investigation Board (AIB), which was used to support his removal, misconstrued his testimony as he did not actually include the "crack house" allegation in describing the employee's misconduct. *Id.* at 3, 12; IAF, Tab 6 at 10, 24, Tab 14 at 111-12, 138. He also disputes the administrative judge's finding as to when the employee was reassigned to a position in which he was not responsible for patient care. PFR File, Tab 1 at 4; AJD at 20 n. 13. We fail to see how these arguments provide any basis for disturbing the charge. *See Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the administrative judge's findings when he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions). Additionally, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge. *Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 17 (2012). Thus, even if we only sustained specification 1, we would still sustain the charge.

*Harmful Procedural Error*

¶21     The appellant argues that the agency committed harmful procedural error because the AIB was of poor quality. PFR File, Tab 1 at 4-6. He also claims harmful error in that lack of agency resources, such as proper budget, staffing of leadership positions, and proper coaching, prevented him from accomplishing his duties. *Id*. at 8-10. Additionally, he asserts that the agency violated the fifth Merit Principle regarding using the workforce efficiently and effectively by not providing him the proper training and resources to accomplish his job while providing additional staffing and funding after he left. *Id*. at 6-8. Further, he challenges the short time period between the proposal and the decision to remove him because he was unable to obtain records related to the lack of recruitment and hiring of senior leaders, which would demonstrate that the actions at issue were

not his fault, and because he could not retain an attorney in such a short amount of time. *Id*. at 9-10.

¶22     The Board will not sustain an agency's action if the appellant shows harmful error in the agency's application of its procedures in arriving at its decision. 5 U.S.C. § 7701(c)(2)(a); *Lentz v. Merit Systems Protection Board*, 876 F.3d 1380, 1385 (Fed. Cir. 2017); *Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 9 (2016); 5 C.F.R. § 1201.56(c)(1).   The appellant may establish harmful error by proving, by preponderant evidence, that the agency committed an error in applying its procedures "that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error." 5 C.F.R. §§ 1201.4(r), 1201.56(b)(2)(i)(C), (c)(1); *see Lentz*, 876 F.3d at 1385; *Forte*, 123 M.S.P.R. 124, ¶ 9.  Even assuming that the appellant has pointed to an error by the agency, he has not described how any such error could have altered the agency's decision to remove him.

¶23     The appellant further asserts that the agency cannot charge him with neglect of duty because it was not determined that his decision regarding whether to impose discipline was inappropriate and, if this matter had been considered as a performance-based action, the agency did not demonstrate properly that his performance was deficient.  PFR File, Tab 1 at 14-15.  The 2014 Act provides that the Secretary may remove or demote an employee for both performance and misconduct.  Section 707(a) (codified at 38 U.S.C. § 713(a)(2014)).  Thus, to the extent that the appellant is asserting that he was entitled to the procedures set forth in chapter 43 of title 5, we disagree.[8]  Further, although the appellant argues that the agency never determined that his decision was inappropriate, as previously discussed, we find that the agency proved that he should have known that the events warranted immediate and continued attention and, therefore, his

---

[8] Even if the agency had removed the appellant pursuant to title 5, an agency may rely on either chapter 75 or chapter 43 or both to take a performance-based action. *Lovshin v. Department of the Navy*, 767 F.2d 826, 843 (Fed. Cir. 1985).

failure to impose discipline was indeed inappropriate. Accordingly, we find that the appellant has not proven harmful procedural error.

*Due Process*

¶24     The appellant next argues that the agency violated his right to due process when the deciding official made a decision regarding his case before considering his response. PFR File, Tab 1 at 12-13. Prior notice and an opportunity to respond to an appealable agency action are fundamental due process requirements for a tenured public employee. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). It is not a violation of the appellant's due process rights when the role of the proposing and deciding official is performed by the same person because "[the] law does not presume that a supervisor who proposes to remove an employee is incapable of changing his or her mind upon hearing the employee's side of the case." *DeSarno v. Department of Commerce*, 761 F.2d 657, 660 (Fed. Cir. 1985); *see Martinez v. Department of Veterans Affairs*, 119 M.S.P.R. 37, ¶ 11 (2012). Additionally, a deciding official's familiarity with the facts of a case and even an expressed predisposition contrary to the appellant's interests do not constitute a due process violation or harmful error. *Martinez*, 119 M.S.P.R. 37, ¶ 11.

¶25     Here, the Deputy Secretary proposed the appellant's removal and provided him the opportunity to respond to the proposal. IAF, Tab 1 at 6-8. The appellant provided a written response, which the Deputy Secretary considered prior to imposing the removal. *Id*. at 9-11. The appellant's bare assertions challenging the Deputy Secretary's impartiality do not support a finding that the agency violated his right to due process. *See Holton v. Department of the Navy*, 123 M.S.P.R. 688, ¶ 31 (2016) (finding that the appellant's argument that it was unfair to use the individual who had granted permission to drug test him as the deciding official did not support a finding of a due process violation as the appellant did not substantiate his claim that the official was unwilling to change his mind or fully consider the evidence).

*Penalty Determination*

¶26    The appellant requests that we not sustain the removal.[9]  PFR File, Tab 1 at 15-16.  He points to his accomplishments, including achieving the hospital's first official passing performance rating in many years, reducing the time to complete Compensation and Pension examinations from 73 days to 26 days when the requirement is 30 days, achieving performance in the top 10% of agency hospitals, and establishing a collaboration with the Department of Defense.  *Id*. Further, he identifies a previously life-threatening illness that affected his performance.  *Id*. at 10.

¶27    The Board generally analyzes the agency's penalty selection under the statutory "efficiency of the service" standard with the agency bearing the burden to prove the reasonableness of its penalty selection.  5 U.S.C. §§ 7513(a), 7701(b)(3), (c)(1)(B); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 307-08 (1981); 5 C.F.R. § 1201.56(b)(1)(ii).  However, in this matter, we apply the standard for penalty analysis set forth in the 2014 Act as this standard was left undisturbed by *Helman*, 856 F.3d at 936.  Our regulations provide that, under the 2014 Act, proof of misconduct or poor performance creates a presumption that the Secretary's decision to remove or transfer the employee was warranted.  5 C.F.R. § 1210.18(a), (d).  The appellant may rebut this presumption only by establishing that the penalty was unreasonable under the circumstances of the case, in which case the action will be reversed.  5 C.F.R. § 1210.18(d).

¶28    The administrative judge found that the appellant's failure to monitor the cases of the two employees and ensure that appropriate action was taken constituted a dereliction of duty and damaged the very core of the agency's mission to take care of our nation's veterans, which included ensuring their

---

[9] The appellant asserts that, at most, charge 1, specification 2, should be sustained and that this specification alone does not warrant removal.  PFR File, Tab 1 at 4.  However, because we have sustained all of the charges and specifications, his argument is not persuasive.

safety. AJD at 30. He considered that there may have been failures throughout the process after the investigations, highlighting the difficulty of the appellant's position, but he found that, as an SES employee, the appellant should have taken a leadership role in ensuring that the situation was handled properly. *Id.* The administrative judge also stated that the appellant failed to exercise the responsibility and trust placed in him as a Medical Director and as a member of the SES and that his position as an SES employee rendered his misconduct even more serious. AJD at 30-31. Further, the administrative judge noted that the appellant's failure to notify his leadership about the situations only worsened the problem. AJD at 31. He also found that the appellant's proffered comparator was not similarly situated and that, if he were, the agency's failure to discipline that employee would not render the penalty unreasonable. AJD at 31-32.

¶29      On the basis of the above, the administrative judge concluded that the Deputy Secretary convincingly explained why he determined that removal was the most appropriate penalty. AJD at 32. The appellant's arguments regarding the lack of severity of the proven charges, his accomplishments, and his illness do not provide a reason for disturbing the administrative judge's conclusion that he failed to establish that the penalty was unreasonable.[10]

---

[10] The appellant otherwise challenges the administrative judge's decision on the basis of the following: the administrative judge misjudged his testimony and should not have relied on the AIB's decision; the administrative judge cited untrue and unsworn statements by quoting him as mentioning that the employee took the veteran to a "crack house" when he did not mention either this or that the employee never took the veteran back to the facility; the administrative judge should not have credited the testimony of the Network Director and the Deputy Secretary that he had the ability to change conditions within the facility; and he disagrees with the Network Director's statement that he failed to properly prepare facility budgets. PFR File, Tab 1 at 10-14. These arguments constitute mere disagreement with the administrative judge's decision and do not provide a reason for disturbing it. *See Broughton*, 33 M.S.P.R. at 359.

# NOTICE OF APPEAL RIGHTS[11]

The decision of the administrative judge, as supplemented by this Final Order, constitutes the Board's final decision in this matter. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[11] Since the issuance of the administrative judge's decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                            _____/s/ for_____

                                          Jennifer Everling
                                          Acting Clerk of the Board
Washington, D.C.