**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHASE MATTHEW LENTZ,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF THE INTERIOR,<br>Agency. | DOCKET NUMBERS<br>SF-1221-21-0497-W-3<br>SF-0752-22-0494-I-1<br>SF-0752-15-0363-B-1<br>SF-4324-17-0229-B-1<br>SF-4324-16-0198-B-1<br>SF-4324-15-0364-B-1<br><br>DATE: December 16, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Chase Matthew Lentz</u>, Bakersfield, California, pro se.

<u>Gregory Eyler</u>, Washington, D.C., for the agency.

<u>Kevin Mack</u>, Sacramento, California, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his constructive suspension and constructive removal claims, denied his request for corrective action under the Uniformed Services Employment

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Reemployment Rights Act (USERRA), and granted his request for corrective action for violations of 5 U.S.C. § 2302(b)(8) regarding the agency's decision to propose and sustain a 14-day suspension. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to find that the appellant established contributing factor as to his Fiscal Year 2014 (FY2014) performance evaluation, but that the agency established by clear and convincing evidence that it would have taken this personnel action in the absence of the appellant's protected disclosures. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly found that the appellant did not prove that he was constructively suspended.</u>

An employee's absence for more than 14 days that results in a loss of pay may be a constructive suspension appealable under 5 U.S.C. §§ 7512(2) and 7513(d). To demonstrate that the absence was not voluntary and is an actionable constructive suspension, an appellant must show the following: (1) he lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that

deprived him of that choice. *Martin v. U.S. Postal Service*, 2022 MSPB 22, ¶ 7. This analysis extends to situations in which the agency prevented the appellant's return to work after an initial voluntary leave of absence. *Id.*

The Board already determined that the appellant made a nonfrivolous allegation that he was subjected to a constructive suspension and was therefore entitled to the opportunity to prove the Board's jurisdiction by preponderant evidence. *Lentz v. Department of the Interior*, MSPB Docket No. SF-0752-15-0363-R-1, Remand Order (June 30, 2022) (Remand Order). The appellant alleged below that he was subjected to a constructive suspension when he was forced to use leave from November 12, 2014, through his resignation on February 13, 2015, because of intolerable working conditions that aggravated his disabilities. *Lentz v. Department of the Interior*, MSPB Docket No. SF-1221-21-0497-W-3, Appeal File (0497 AF), Tab 5 at 23-28, 59. The administrative judge found that the appellant did not prove that he was effectively barred from the workplace by the agency's request for medical certification, its denial of his request for accommodation, or by intolerable working conditions. Consistent with the Board's Remand Order, the administrative judge considered the evidence the appellant proffered in support of his claims that the agency took actions or made decisions for discriminatory reasons, in violation of USERRA, or in violation of the Whistleblower Protection Enhancement Act (WPEA), and did not find any of that evidence suffice to render his absence involuntary. 0497 AF, Tab 9, Initial Decision (ID) at 36.

On review, the appellant alleges that his absence was due to psychological damage, and he asserts that the administrative judge did not consider that his absence was due to the agency's unlawful actions. Petition for Review (PFR) File, Tab 1 at 27-28. The appellant's cursory and vague assertions provide no reason for disturbing the administrative judge's extremely comprehensive and well-reasoned findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (stating that the Board will not disturb an administrative judge's

findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

<u>The administrative judge properly found that the appellant did not prove that he was constructively removed.</u>

The Board remanded the joined appeals to consider whether the "totality of the evidence, including both the evidence of alleged USERRA violations and the evidence of other coercive action actions, rendered [the appellant's] resignation involuntary." *See Lentz v. Merit Systems Protection Board*, 876 F.3d 1380, 1386 (Fed. Cir. 2017). In the Remand Order, the Board determined that the appellant had made nonfrivolous allegations that the agency made his working environment sufficiently hostile as to lead to his involuntary resignation. Remand Order at 8. On remand, the administrative judge found no facts in the record that would support a finding that the agency misinformed or deceived the appellant. The administrative judge determined that, instead, the appellant argues he was deprived of free choice by intolerable working conditions. ID at 38. Pursuant to the U.S. Court of Appeals for the Federal Circuit's and Board's orders, the administrative judge examined "the surrounding circumstances to test the ability of the employee to exercise free choice." *Lentz*, 876 F.3d at 1384 (quoting *Perlman v. United States*, 490 F.2d 928, 933 (Ct. Cl. 1974)).

On petition for review, the appellant asserts that he was forced to resign because the agency's actions aggravated his medical conditions. PFR File, Tab 1 at 29. However, the administrative judge considered the appellant's arguments below that the agency's actions impacted his health and coerced him to resign and found these assertions unavailing. ID at 40. The appellant further states that "the 'stand and fight' assertion" by the administrative judge was unreasonable. PFR File, Tab 1 at 29. However, the administrative judge's findings are consistent with long-standing Board case law. ID at 45; *see Axsom v. Department of Veterans Affairs,* 110 M.S.P.R. 605, ¶ 17 (2009) (stating that an employee who "had the option to stand and fight the alleged discrimination, harassment, and

retaliation rather than resign" failed to establish that her resignation was involuntary). The appellant further alleges that the agency threatened an action it could not substantiate because it was based on retaliation. PFR File, Tab 1 at 9. The administrative judge addressed this issue below and found that, even if the notice of proposed suspension and letter of decision on the suspension were tainted by unlawful animus, they would not have coerced a reasonable person to resign. ID at 45. There is no basis for disturbing the administrative judge's findings which are based on her careful record review and consistent with the Board's and court's remand orders.

<u>The administrative judge correctly determined that the appellant did not prove that he was subjected to discrimination or reprisal prohibited by USERRA.</u>

The Board remanded for consideration on the merits of the appellant's two separate USERRA appeals, MSPB Docket Nos. SF-4324-16-0198-I-1 and SF-4324-17-0229-I-1. Remand Order. In the 0198 appeal, the appellant alleged that the agency had violated USERRA when it did not select him for several positions and a detail. The second USERRA appeal, 0229, was docketed in response to the Board's October 14, 2016 Final Order to separately adjudicate the appellant's claims that the agency violated USERRA in connection with the issuance of the letter of reprimand, notice of proposed suspension and letter of decision, and alleged constructive suspension. *Lentz v. Department of the Interior*, MSPB Docket No. SF-4324-15-0364-I-1, Final Order (Oct. 14, 2016).

USERRA "prohibits discrimination in employment on the basis of military service." *McGuffin v. Social Security Administration*, 942 F.3d 1099, 1107 (Fed. Cir. 2019). USERRA prohibits denial of employment, reemployment, retention in employment, promotion, "or any other benefit of employment," if the person's "membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action," unless the employer "can prove that the action would have been taken in the absence of" such membership or service. *Id.*; *see* 38 U.S.C.

§ 4311(a). Further, a USERRA discrimination case may be filed concerning discrimination or retaliation because a person (1) has taken an action to enforce a right afforded any person under 38 U.S.C. chapter 43, (2) has testified or otherwise made a statement in or in connection with any proceeding under [that] chapter, (3) has assisted or otherwise participated in an investigation under [that] chapter, or (4) has exercised a right provided for in [that] chapter. 38 U.S.C. § 4311(b).

At the hearing stage, the employee asserting a USERRA claim has the burden of showing by a preponderance of the evidence that his "membership . . . in the uniformed services" or his protected activity was a substantial or motivating factor in the adverse employment action." *McGuffin*, 942 F.3d at 1108. As part of this analysis, the Federal Circuit considers "four, non-exclusive '*Sheehan* factors,'" as follows: (1) proximity in time between the employee's military activity and the adverse employment action, (2) inconsistencies between the proffered reason and other actions of the employer, (3) an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and (4) disparate treatment of certain employees compared to other employees with similar work records or offenses. *Id.* (citing *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001)).

Here, the administrative judge carefully considered the actions at issue in this case and found that the appellant failed to meet his burden of proving by preponderant evidence that his prior military service or identification as a veteran was a substantial or motivating factor in these actions. Regarding the appellant's nonselection for a supervisory position, either as a temporary detailee or permanent appointee, the appellant argues on review that the administrative judge should not have credited his second-level supervisor's justifications for not choosing him. PFR File, Tab 1 at 23-24. Further, he disputes that the lack of temporal proximity of his Coast Guard service to his nonselections is relevant.

*Id.* at 23. He also argues that his second-level supervisor used merit promotion certificates specifically to avoid being required to select the appellant. *Id.* at 24-25.

The appellant's arguments are unavailing. The administrative judge considered that the appellant's military service ended over a decade before all of the actions at issue, and she found that this detracts from any inference that it was a substantial or motivating factor in any of the management actions at issue. ID at 49. In making this finding, the administrative judge properly applied the *Sheehan* factors. *Sheehan*, 240 F.3d at 1014. The appellant has provided no reason for disturbing the administrative judge's decision to credit his second-level supervisor reasons for not selecting him—a decision which was based on the administrative judge's comprehensive review of the record and application of the factors set forth in *Borninkhof*. *See, e.g.*, ID at 51; *see also Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981) (setting forth the factors that the Board considers when weighing the probative value of hearsay evidence). Furthermore, the administrative judge considered the appellant's argument that his second-level supervisor used a merit promotion certificate to avoid making an offer to him and found the appellant's contention to constitute speculation that was not reliable or persuasive. ID at 55. Moreover, the administrative judge properly found that an agency has discretion as to which authority it will use to fill its positions and it may select or not select from the applicants who respond to a vacancy announcement. *Id.*; *see Ward v. Office of Personnel Management*, 79 M.S.P.R. 530, 534 (1998), *aff'd*, 194 F.3d 1333 (Fed. Cir. 1999) (Table).

Regarding the appellant's 14-day suspension, the administrative judge found that the appellant's second-level supervisor had a reasonable basis for charge 2, specification 6, although the supervisor mistakenly believed the appellant sent the email to stakeholder organizations. ID at 88. The appellant disputes this particular finding, arguing that the administrative judge erred in

relying on the supervisor's error in interpreting the specification.[2] PFR File, Tab 1 at 22. However, as the administrative judge found, even accepting this argument, the appellant identifies no evidence showing that his prior uniformed service or his identification as a veteran was a substantial or motivating factor in the agency's decision to include this specification in the notice of proposed suspension or in the decision to sustain it. ID at 88. The appellant also argues that his second-level supervisor's discriminatory animus was evidenced by having "armed federal law enforcement presence" during his response to the notice of proposed suspension. PFR File, Tab 1 at 27. The appellant's assertion constitutes mere disagreement with the administrative judge's well-reasoned finding that the appellant's second-level supervisor was not motivated by hostility towards the appellant due to his prior military service but rather legitimate concerns about the appellant's erratic behavior. ID at 90-91; *see Crosby*, 74 M.S.P.R. at 106.

The appellant argues that the administrative judge should have independently examined the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981),[3] including whether his medical conditions such as depression and adjustment disorder mitigated the misconduct. PFR File, Tab 1 at 4. However, the administrative judge properly considered the *Douglas* factors in the context of the appellant's USERRA claim. The administrative judge found that the appellant's second-level supervisor considered the relevant *Douglas* factors as to the appellant's letter of reprimand and 14-day suspension. ID at 88-91. Furthermore, the administrative judge considered the appellant's

---

[2] To the extent the appellant is attempting to raise some type of due process claim for the first time on review, USERRA is not a vehicle to remedy a due process violation, even if one occurred. *See Velazquez-Garcia v. Horizon Lines of Puerto Rico, Inc.*, 473 F.3d 11, 21 n.9 (1st Cir. 2007); *see also Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 15 n.12 (2016) (the decisions of other circuit courts may serve as persuasive authority).

[3] In *Douglas*, the Board articulated a nonexhaustive list of factors relevant to the penalty determination in adverse actions. 5 M.S.P.R. 280, 305-06.

argument that the agency did not give sufficient consideration to his mental conditions at the time of the misconduct and found that the relevant agency officials properly referenced his medical conditions as a mitigating factor. ID at 89. The administrative judge determined that the agency officials considered the medical information that was available to them at the time of the proposal and decision and found no persuasive evidence that the appellant's prior military service and identification as a veteran was a substantial or motivating factor in how they weighed this evidence. ID at 89-90. Thus, we find the appellant's argument unavailing.

<u>The administrative judge correctly granted the appellant's request for corrective action for violations of 5 U.S.C. § 2302(b)(8).</u>

On July 20, 2022, the administrative judge issued an order addressing the jurisdictional issues in the appellant's whistleblower reprisal appeal, currently docketed as MSPB Docket No. SF-1221-21-0497-W-3. 0497 AF, Tab 4. In that order, the administrative judge found the appellant had satisfied his jurisdictional burden and that she would address the merits of his claim based on 16 protected disclosures and/or activities that he nonfrivolously alleged were a contributing factor in 12 personnel actions. *Id.* The parties were given an opportunity to object to the framing of the issues for adjudication and neither party did so. Thus, only the merits of the appellant's individual right of action (IRA) appeal are before the Board at this juncture.

To be entitled to corrective action in an IRA appeal, after the appellant meets their jurisdictional burden, they must establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that they made a protected disclosure or engaged in protected activity that was a contributing factor in a personnel action taken against them. 5 U.S.C. § 1221(e)(1)); *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 12 (2015). If the appellant meets that burden, the burden of persuasion shifts to the agency to prove by clear and convincing evidence that it would have taken the same action

in the absence of the appellant's protected disclosure or activity. 5 U.S.C. § 1221(e)(2); *Shannon v. Department of Veterans Affairs,* 121 M.S.P.R. 221, ¶ 24 (2014).

<u>The administrative judge correctly found that only disclosures 7-10 and 15 were protected under 5 U.S.C. § 2302(b)(8).</u>

The administrative judge accepted the following protected disclosures for adjudication on the merits: (1) on October 23, 2013, the appellant reported that his supervisor had inappropriately requested him to work during the government shutdown; (2) on November 29, 2013, the appellant disclosed that his supervisor had made false statements in his performance evaluation and his personnel file; (3) on February 5, 2014, the appellant was subjected to harassment and reprisal because of his earlier disclosures; (4) on June 17, 2014, the appellant disclosed the agency's failure to monitor employee use of government travel/charge cards; (5) on July 17, 2014, the appellant disclosed that documents from his local personnel file had been destroyed; (6) on July 17, 2014, the appellant disclosed that a supervisor acted toward him in a threatening and aggressive manner, posted a discourteous remark online using his official title, and acted in an intimidating way toward interns under his mentorship; (7) on July 18, 2014, the appellant reported an agency supervisor had harassed two female interns; (8) on September 9, 2014, the appellant disclosed that an agency supervisor had directed his staff to make an unauthorized pesticide application in violation of Federal and state policy and regulations; (9) on September 26, 2014, the appellant disclosed a violation of 5 U.S.C. § 2302(b)(8) when his supervisor disciplined him for disclosing an abuse of authority and violation of a law, rule, or regulation; (10) on October 6, 2014, the appellant disclosed gross negligence concerning management's use of grant funds; (11) on October 6, 2014, the appellant disclosed that he was directed to act outside of his position description and scope of his authority, and abuse of the mentor/internship relationship; (12) on November 3, 2014, the appellant filed an informal grievance disclosing violations

of the Privacy Act; (13) on November 10, 2014, the appellant disclosed that an agency policy was discriminatory and a violation of the Paperwork Reduction Act of 1995; (14) on November 24, 2014, the appellant disclosed that his supervisor made false statements in the notice of proposed 14-day suspension; (15) on November 24, 2014, the appellant disclosed that his supervisor violated 5 U.S.C. § 2302(b)(8) or (b)(9) by charging him with improper conduct for making disclosures; and (16) on November 24, 2014, the appellant disclosed that he was disciplined for refusing to perform duties outside the scope of his authority. 0497 AF, Tab 4. The administrative judge found that only disclosures 7-10 and 15 were protected. ID at 96-118. The appellant disputes the administrative judge's findings regarding disclosures 1-5, 11, and 14. PFR File, Tab 1 at 8-15. The petition for review does not address disclosures 6, 12, 13, and 16, and we discern no basis to disturb the administrative judge's findings regarding these disclosures.

A protected disclosure is a disclosure of information that an appellant reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 8 (2013) (citing 5 U.S.C. § 2302(b)(8)). The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Id.*

The administrative judge carefully considered the record and found disclosures 1, 2, 4, 5, and 11 to be vague, conclusory, and insufficient to constitute a protected disclosure of any of the types of wrongdoing described in 5 U.S.C. § 2302(b)(8). ID at 97, 99, 102. The administrative judge also found that disclosures 2 and 11 evidenced a disagreement between an employee and a

manager and constituted a workplace grievance not covered by section 2302(b)(8). ID at 98, 112. Concerning disclosure 3, the administrative judge found that these communications were the same as those that have been fully adjudicated in the appellant's prior IRA appeal and that a prior Board finding on that communication barred further litigation on it. *See Lentz v. Department of the Interior*, MSPB Docket No. SF-1221-15-0688-W-1, Final Order (June 30, 2022). Regarding disclosure 14, the administrative judge considered the record evidence and found that the disclosure does not implicate any of the other categories of disclosures protected by 5 U.S.C. § 2302(b)(8). ID at 117.

We agree with these findings. The administrative judge correctly found that, to be protected, a disclosure must be specific and detailed, not a vague allegation of wrongdoing. *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 14 (2014). Regarding disclosures 2 and 11, the Board has held that, even under the expanded protections afforded to whistleblowers under the WPEA, general philosophical or policy disagreements with agency decisions or actions are not protected unless they separately constitute a protected disclosure of one of the categories of wrongdoing listed in section 2302(b)(8)(A). *Webb v. Department of the Interior,* 122 M.S.P.R. 248, ¶ 8 (2015).

> *The appellant proved that his protected disclosures were a contributing factor in the November 13, 2014 notice of proposed suspension (action 2), February 10, 2015 decision letter (action 3), and FY2014 performance evaluation (action 10), but did not prove that his protected disclosures were a contributing factor in the other alleged retaliatory actions.*

The administrative judge accepted the following personnel actions for adjudication on the merits: (1) on May 15, 2014, the agency issued a letter of reprimand; (2) on November 13, 2014, the agency issued a notice of proposed 14-day suspension; (3) on February 10, 2015, the agency issued a letter of decision imposing a 14-day suspension; (4) on May 15, 2014, the agency changed

his working conditions by including a list of expectations in the letter of reprimand; (5) on November 13, 2014, the agency changed his working conditions by including a list of expectations in the notice of proposed 14-day suspension; (6) on February 10, 2015, the agency changed his working conditions by including a list of expectations in the letter of decision imposing the 14-day suspension; (7) on November 14, 2014, the agency constructively suspended him; (8) on May 15, 2014, the agency removed his purchase card authority; (9) on December 8, 2015, the agency provided negative employment references; (10) the agency reduced his Fiscal Year 2013 (FY2013) and FY2014 performance evaluations; (11) on July 2014, the agency withdrew permission for him to work Saturdays; and (12) the agency denied him a fair and objective reevaluation. 0497 AF, Tab 4. The administrative judge found that actions 1-3 and 10 were covered, but not 4-9, 11, or 12. ID at 118-128. On review, the appellant argues that actions 4-9 were covered. PFR File, Tab 1 at 17-20. The appellant does not address actions 11 and 12, and we affirm the administrative judge's findings on these actions. In relevant part, the administrative judge properly considered both the FY2014 performance evaluation (action 10) and reevaluation (action 12) together. ID at 128.

To meet the second element of his initial burden to show whistleblower reprisal, the appellant must identify a potentially retaliatory personnel action under 5 U.S.C. § 2302(a)(2)(A). A "personnel action" is defined as: (i) an appointment; (ii) a promotion; (iii) an adverse action under 5 U.S.C. chapter 75 or other disciplinary or corrective action; (iv) a detail, transfer, or reassignment; (v) a reinstatement; (vi) a restoration; (vii) a reemployment; (viii) a performance evaluation under 5 U.S.C. chapter 43; (ix) a decision concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other personnel action; (x) a decision to order psychiatric testing or examination; or (xi) the implementation or enforcement of any nondisclosure

policy, form, or agreement; or (xii) any other significant change in duties, responsibilities, or working conditions. 5 U.S.C. § 2302(a)(2)(A).

Here, the administrative judge properly found that actions 4-6 and 8 did not fall within the definition of personnel action under 5 U.S.C. § 2302(a)(2)(A)(i)-(xi) and further determined that they did not constitute a "significant change in duties, responsibilities or working conditions" under (xii). ID at 120-25. Regarding action 7, the administrative judge found that, because the appellant did not establish a constructive suspension, he did not establish a personnel action under the WPEA. ID at 123. The administrative judge also found that action 9 did not fall within the definition of personnel action under 5 U.S.C. § 2302(a)(2)(A)(i)-(xi) and that, even if a negative employment reference was a personnel action covered by the WPEA as a form of blacklisting, the references were not negative and did not constitute any kind of blacklisting. ID at 125. The administrative judge's findings in this regard are based on a comprehensive review of the record and application of the *Borninkhof* factors, and the appellant has not provided a reason for disturbing them on review. *See Crosby*, 74 M.S.P.R. at 106.

Having found that actions 1-3 and 10 were covered personnel actions, the administrative judge turned to the issue of whether the appellant established that his protected disclosures were a contributing factor in these personnel actions. The most common way of proving the contributing factor element is the 'knowledge/timing test.'" *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 21 (2016). Under the knowledge/timing test an appellant can prove that his disclosure was a contributing factor in a personnel action through evidence that the official taking the personnel action knew of the whistleblowing disclosure and took the personnel action within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.* If the appellant does not satisfy the knowledge/timing test, other evidence will be considered, including evidence pertaining to the

strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether those individuals had a desire or motive to retaliate against the appellant. *Stiles v. Department of Homeland Security*, 116 M.S.P.R. 263, ¶ 24 (2011).

Here, the administrative judge found that the appellant only established contributing factor as to actions 2 and 3. ID at 129-135. Specifically, the administrative judge found that the appellant did not prove contributing factor as to action 1 (the May 15, 2014 letter of reprimand) because the letter of reprimand predated the earliest protected disclosure, which was in July 2014. ID at 130; *see Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 27 (2013) (explaining that, to establish contributing factor, the appellant must show that a protected disclosure or activity predated the allegedly covered personnel action). The administrative judge also determined that the appellant did not establish contributing factor as to action 10 (the agency reduced his FY2013 and FY2014 performance evaluations). ID at 129-135. In relevant part, the administrative judge noted that the FY2013 performance evaluation predated the appellant's earliest disclosure and that the appellant failed to establish contributing factor regarding the FY2014 performance evaluation through either the knowledge/timing test or through other evidence relevant to establishing contributing factor. ID at 130-33. We agree with the administrative judge as to the FY2013 performance rating. However, as explained below, we find that the appellant established contributing factor as to the FY2014 performance evaluation.

The appellant challenges the administrative judge's findings on personnel action 10. The appellant argues that, contrary to the initial decision, the agency official who decided his formal reevaluation request on the FY2014 performance evaluation had knowledge of disclosures 7 (harassment of two female interns) and 10 (gross negligence concerning management's use of grant funds). PFR File,

Tab 1 at 15-16. The appellant points to specific relevant evidence in *Lentz v. Department of the Interior*, MSPB Docket No. SF-1221-16-0681-W-1, Initial Appeal File (0681 IAF), which, as explained in the initial decision, was the original docket number for this IRA appeal. The appellant's jurisdictional submission contains his formal reevaluation package, which, as the appellant states on review, was apparently received by the official who formally denied his reevaluation request on November 24, 2014. 0681 IAF, Tab 11 at 219. This package referenced disclosure 7, stating that the appellant's "reporting of inappropriate conduct concerning . . . interaction with two female botany interns that has ultimately led to at least one grievance and/or complaint to be filed against this agency." *Id.* at 228. The appellant also accurately points to evidence indicating that the official who decided his formal reevaluation request on the FY2014 performance evaluation was copied on a November 12, 2014 email that referenced disclosure 10. 0681 IAF, Tab 14 at 57. Thus, we modify the initial decision to find that the appellant established contributing factor as to the FY2014 performance evaluation through the knowledge/timing test. *See Scoggins*, 123 M.S.P.R. 592, ¶ 21.

> *The agency failed to prove by clear and convincing evidence that it would have issued the November 13, 2014 notice of proposed suspension and February 10, 2015 decision letter in the absence of the appellant's protected disclosures, but it carried its burden as to the FY2014 performance evaluation.*

In determining whether the agency proved by clear and convincing evidence that it would have taken the same actions against the appellant, even absent any protected disclosures, the Board should consider the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999);

*Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶ 23 (2010). The Federal Circuit has stated that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite evidence that fairly detracts from that conclusion." *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012). The court in *Whitmore* further stated that "[i]t is error for the [Board] to not evaluate all the pertinent evidence in determining whether an element of a claim or defense has been proven adequately." *Id.* The Board has held that the proper analysis of the clear and convincing evidence issue requires that all of the evidence be weighed together—both the evidence that supports the agency's case and the evidence that detracts from it. *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 37 (2013) (citing *Whitmore*, 680 F.3d at 1368).

Here, the administrative judge applied the *Carr* factors in determining that the agency failed to prove by clear and convincing evidence that it would have issued the November 13, 2014 notice of proposed suspension and February 10, 2015 decision letter in the absence of the appellant's protected disclosures. ID at 135-47. The appellant asserts on review that the administrative judge did not evaluate the totality of the evidence in reaching these findings. PFR File, Tab 1 at 21. However, the appellant appears to be referring to his USERRA claim in making this argument. *Id.* The agency has not filed a cross petition for review challenging the administrative judge's clear and convincing analysis. Under the circumstances, we discern no basis for disturbing the administrative judge's well-reasoned finding that the agency has not carried its burden to prove, by clear and convincing evidence, that it would have taken these same actions in the absence of the appellant's protected disclosures.

However, turning to the FY2014 performance evaluation, we find that the agency carried its burden of proving that it would have issued this performance evaluation notwithstanding disclosures 7 and 10. As to *Carr* factor 1, the agency's evidence in support of the FY2014 performance evaluation was strong.

The administrative judge found that both the official that prepared the appellant's FY2014 performance evaluation and the official that decided the appellant's reevaluation request explained their evaluations in reasonable detail, with reference to the appellant's performance plan and specific projects or incidents supporting the decision. ID at 133. The administrative judge found that the appraisal was consistent with record evidence, including a sworn statement in the record expressing concerns regarding the appellant's performance and an undisputed description of an incident in which the appellant failed to prepare timely, appropriate documentation for a public "plant a tree" event the agency was hosting. *Id.* The administrative judge found the concerns documented in the appellant's FY2014 performance evaluation are based on legitimate management concerns and are consistent with the record. *Id.*

Turning to *Carr* factor 2, the agency official who decided the formal reevaluation request may have had a broader institutional motive because of the appellant's criticism of agency actions. *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 14. However, there is no evidence that the appellant's disclosures had any consequences or implications for that agency official. Regarding the agency official who prepared the FY2014 evaluation, the administrative judge found that that individual had no knowledge of the appellant's disclosures. ID at 135. In fact, the administrative judge found that the appellant's protected disclosures were not widely publicized or widely known. Further, the appellant's FY2013 performance evaluation, which the appellant also contested, predated any protected disclosure. Thus, while the record reflects some degree of retaliatory animus on the part of relevant agency officials, we find that any such motive was not strong given these circumstances.

Moving to the third *Carr* factor, there is no relevant information about potential comparators. Because the agency bears the burden of proof, when it fails to introduce relevant comparator evidence, the third factor is effectively removed from consideration, although it cannot weigh in the agency's favor.

*Soto*, 2022 MSPB 6, ¶ 18.  Weighing all of the evidence together, we find that the agency met its burden to prove by clear and convincing evidence that it would have issued the FY2014 performance evaluation absent the appellant's disclosures.

Based on the foregoing, we affirm the administrative judge's decision to grant the appellant's request for corrective action as to the November 13, 2014 notice of proposed suspension and its February 10, 2015 letter of decision.

## ORDER

We ORDER the agency to rescind the November 13, 2014 Notice of Proposed 14-Day Suspension and its February 10, 2015 Letter of Decision Sustaining the 14-Day Suspension and take any actions necessary to expunge them from the appellant's official personnel file.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  We further ORDER the agency to take appropriate steps to ensure that the employees and managers of the Redding Field Office and its California State Office of Human Resources receive the training required by 5 U.S.C. § 2302(c)(2)(C).  The agency must complete this action no later than 20 days after the date of this decision.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has

taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST CONSEQUENTIAL AND/OR
COMPENSATORY DAMAGES**

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential damages. To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202 and 1201.204.

In addition, the Whistleblower Protection Enhancement Act of 2012 authorized the award of compensatory damages including interest, reasonable expert witness fees, and costs, 5 U.S.C. § 1214(g)(2), which you may be entitled to receive.

If you believe you are entitled to these damages, you must file a motion for consequential damages and/or compensatory damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE PARTIES**

A copy of the decision will be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(f)(3). Please note that while any Special Counsel investigation related to this decision is pending, "no disciplinary action shall be taken against any employee for any alleged prohibited activity under investigation or for any related activity without the approval of the Special Counsel." 5 U.S.C. § 1214(f).

# NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).

**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion. Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.